IDA CROW, Executrix of JOHN T. CROW *vs.* EDMUND W. HUBARD, Executor of SUSAN W. CROW.

*Right of Widow under sec. 291, of Art. 93, of the Code—Act of 1884, ch. 107—Jurisdiction of the Orphans' Court.*

C. died, leaving a widow, and one child, a daughter. By his will he left the whole of his property to his daughter. The widow renounced the will. HELD:

1st. That the widow was entitled by virtue of section 291, of Article 93, of the Code, to select personal property returned in the inventory, of the value of one hundred and fifty dollars.

2nd. That the widow had the right to take a watch as part of the property so selected by her, and was not confined to household and kitchen furniture; the Act of 1884, ch. 107, not applying.

3rd. That the Orphans' Court has jurisdiction, and is the proper tribunal, to determine whether the widow did in fact select the watch, and whether she had the right so to do.

APPEAL from the Orphans' Court of Baltimore City.

John T. Crow, late of Baltimore City, who had been twice a widower, intermarried in February, 1881, with Susan W. Hubard, and on the 23rd of March of the same year died suddenly, leaving his widow, the said Susan, and Ida Crow, a daughter by his second marriage. John

Crow *vs.* Hubard.

T. Crow left a will made in January, 1874, which was admitted to probate on the 5th of April, 1881. By this will he made his daughter Ida, sole devisee and legatee of his estate ; and although no executor was named in the will, the Orphans' Court granted letters testamentary to the daughter. The inventory and appraisement were returned on the 21st of April, 1881, and on the same day a sale of the furniture and household stuff contained in the inventory, was ordered by the Court ; and on the 2nd of May, 1881, a report of sales, including the watch in controversy as sold by the executrix to herself, was returned to, and ratified by, the Court. On the 10th of October, 1881, the widow filed exceptions to the sale, and on the 17th of December, 1881, the Court set aside the order ratifying the sale, so far only as it related to the watch. Mrs. Susan W. Crow died in December, 1881, leaving a will which was admitted to probate in Virginia, on the 13th of March, 1882. She specifically bequeathed the watch in controversy to her brother, Dr. J. E. Hubard, and appointed her brother Edmund W. Hubard her executor. On the 29th of July, 1882, Edmund W. Hubard, as executor of Mrs. Crow, filed his petition in the Orphans' Court, asking the Court to require Ida Crow to surrender to him the watch which his testatrix had selected as part of the personal property of her deceased husband, in virtue of the provisions of section 291, of Article 93 of the Code. This application was resisted by Ida Crow, who also denied the jurisdiction of the Court to pass an order requiring her to deliver the watch to the petitioner. On the 17th of June, 1884, the Orphans' Court by its order determined, that Susan W. Crow having made selection under the Code, in proper time, of the said watch, her executor, Edmund W. Hubard, was entitled to receive the same. From this order Ida Crow appealed.

. The cause was argued before ALVEY, C. J., STONE, MIL-LER, ROBINSON, and IRVING, J.

*J. J. Wade,* and *Isaac D. Jones,* for the appellant.

*John T. Mason, R.,* and *John Prentiss Poe,* for the appellee.

STONE, J., delivered the opinion of the Court.

This is a controversy about a watch which the appellee claims to have been selected from the personal property of John T. Crow, deceased, by virtue of sec. 291 of Art. 93 of the Code. The testatrix of the appellee was the widow of John T. Crow, and as such claimed the right to select from his estate personal property to the amount of $150; and it is now claimed by her executor, that among the property so selected, was the watch in controversy. The appellant denies as a matter of fact, that Mrs. Susan Crow in her life-time did select the watch, and insists as a matter of law, that she had no right to select it.

We must first consider the question of fact, whether Mrs. Crow did in her life-time choose and take the watch by virtue of the aforesaid section of the Code. If she did not, it is an end of this case, and it would be superfluous to decide any of the many legal questions raised and argued.

There is some difference between the recollections of the respective attorneys for the widow and daughter, as to some conversations between them as to this watch, and standing alone the evidence of these conversations might not be sufficient to establish the fact sought to be proved by them. But we think there is sufficient testimony in the record, without taking these conversations into any account whatever, to establish the fact that Mrs. Crow did select the watch as a part of her distributive share of her husband's estate.

Crow *vs.* Hubard.

On the 3rd of June, 1881, the attorneys for Mrs. Crow delivered to the attorney of Miss Ida Crow, the executrix of her father, a *written* notice that she, Mrs. Crow, did select the watch as a part of the personal property she would take by virtue of said section of the Code. This notice was communicated to the executrix, as the attorney thinks, on the 2nd of July following. This was certainly all the widow could do to indicate her selection, and constitutes a valid selection of the watch, provided there be no legal difficulty in the way of her selection, and provided further, that nothing had occurred before said selection, that would render such selection nugatory. The watch was then in the possession of the executrix. It is true, that she had previously sold it at private sale to herself by virtue of an order of the Orphans' Court, which she supposed authorized such a sale. But the Orphans' Court afterwards rescinded the order ratifying the sale of the watch upon the ground, that the authority to sell the watch was not included in the order they had previously given, which was confined to furniture and household stuff exclusively. No title whatever passed by such a sale, and the title remained precisely as if no such sale had taken place, (Code, Art. 93, sec. 274.) There is no precise time fixed by law for the widow to make her selection, and certainly within two or three months from the date of the letters, and after the appraisement, is a reasonable time. We therefore think that as a *matter of fact* the selection of the watch was made.

The next question to be considered is, whether there are any valid legal objections to its selection?

It has been urged, and with some force, that the widow's selection under secs. 291 and 292 of Art. 93 of the Code, is restricted to articles of household and kitchen furniture, or at any rate to such articles as might be of immediate *use* to herself and her children, to the exclusion of jewelry or other articles of luxury only. But the lan-

guage of the statute does not admit of so narrow a construction. After specifying household and kitchen furniture, it uses the terms "or other personal property." These latter words certainly embrace all the personal property of the deceased that is inventoried, and no rule of construction would justify us in restricting it to household or kitchen furniture. The general practice in the State we believe to be in accordance with this view. The Act of 1884, ch. 107, (not applicable of course to this case,) has made a change in this law, and does restrict the choice to household and kitchen furniture or money. The only inference, if any, that can be drawn from this Act is, that the practice was, as we have stated it, but the Legislature desired to change it.

Another objection urged on the part of the appellant is, that sections 291 and 292 of the Code, apply only to the case of an administration, technically speaking, and that they do not apply where there is a will, and letters testamentary are granted. It is true, that the language of these sections speaks of "all cases where administration shall be granted," but we are of opinion that the sections apply to cases such as this, where there is a will, as well as to cases of intestacy. In the original Act, passed in the year 1849, the terms used are "in all cases where letters testamentary or of administration are granted." When this Act was codified, a change in the phraseology was made, but no change was intended to be made in its operation and effect. One of the objects sought by a codification, was the rejection of all superfluous verbiage, and the obtention of a compact but intelligible statement of the law. In furtherance of this object, the codifiers prefixed to their work certain rules of interpretation as a guide to the meaning of terms used. Among these rules, we find one saying that wherever in the Code the word "administrator" is used, it shall include "executor," and so "*vice versa*," unless such application would be unrea-

sonable; and another rule that the word "decedent" means either a testator or a person dying intestate. Interpreting the Code by the rules so laid down by its authors, sec. 291 of Art. 93, would read thus: "In all cases where administration shall be granted, and an inventory and appraisement of the personal estate of the decedent, (whether a testator or intestate,) shall have been returned by the administrator (or executor,) to the Orphans' Court," &c.

This, we think, clearly shows that the Code intended to apply the sections to cases of partial as well as of total intestacy.

But apart from the rules of construction adopted by the Code, the term "administration" is a very comprehensive one, and means the settlement of an estate whether by an administrator or an executor. Thus, "administration by an executor," is one of the terms used in the Code, as well as the term "administration by a collector."

And it is finally objected by the appellant, that as the title to the watch is disputed, the Orphans' Court has no jurisdiction over the matter, but that the appellee must be remitted to a Court of common law jurisdiction to assert and prove his title. But the only dispute as to the title of this watch is between Miss Crow, *as executrix* of the estate of John T. Crow, and the representative of a *distributee* of the same estate. The widow in this case was a distributee and nothing else.

She was entitled by law to have distributed to her on the final settlement of the estate, one-third of the personal property of John T. Crow. She was entitled to take this watch, if she was entitled to take it at all, as distributee. By sec. 231 of Art. 93, to the Orphans' Courts are expressly given full power and authority to hear and determine all matters in dispute between executors or administrators, and legatees or distributees, and to enforce their

decrees or orders in the same ample manner as the Courts of equity, and the proper jurisdiction of the Orphans' Court over this case, is therefore beyond doubt or cavil.

Being therefore of opinion, that the appellee's testatrix did, in her life-time, select the watch in dispute, and that no legal cause has been shown · why she should not, we must affirm the order of the Orphans' Court.

> *Order affirmed with costs,*
> *and case remanded.*

(Decided 5th December, 1884.)