[S. F. No. 51.  In Bank.—August 19, 1896.]

IN THE MATTER OF THE ESTATE OF CHARLES LUX, DECEASED.

ESTATES OF DECEASED PERSONS—ALLOWANCE TO WIDOW—DISBURSEMENTS BY EXECUTORS WITHOUT PREVIOUS ORDER — RECEIPTS FROM OTHER PROPERTY OF DECEASED.—The fact that payments were made by the executors for the support of the widow of the deceased, without previous order or allowance of the court, does not deprive the executors of the right to a credit therefor to the extent that the court may find that such advances were reasonable and proper; nor does the fact that the widow received other moneys from other property of the deceased, preclude the sanctioning of the disbursements by the executors for her support, where the court finds that taking that fact into consideration the allowance paid by the executors was reasonably and properly advanced to the widow as a family allowance for her use·and support.

APPEAL from an order of the Superior Court of San Mateo County, settling accounts of the executors of the will of Charles Lux, deceased. GEORGE H. BUCK, Judge.

The facts are stated in the opinion of the court.

*J. H. Campbell*, and *D. M. Delmas*, for Appellants.

*E. B. & George H. Mastick, George C. Ross*, and *A. C. Freeman*, for Respondents

McFARLAND, J.—This is an appeal by the next of kin of Charles Lux, deceased, from an order settling certain

accounts of the executors of the will of said deceased. The only items to which objections are pressed are certain disbursements of two thousand five hundred dollars per month to the widow of said deceased as allowance for her maintenance. A decision was made and an opinion rendered this day in another appeal (*Estate of Lux*, S. F. No. 137, *ante*, p. 73) taken by these same appellants from an order making an allowance of two thousand five hundred dollars per month for maintenance of said widow, by which said order was affirmed; and this present appeal has been presented by appellants mainly upon the theory that the records in the two appeals are substantially the same. If that be so, then the order therein appealed from must be affirmed upon the authority of the decision in said appeal No. 137.

However, the two records are not the same. In the appeal No. 137 the main objections urged against the correctness of the allowance were that it appeared that the court did not consider certain moneys received by the widow from certain property of the deceased; but in the present appeal the court expressly found the fact of her receipt of said moneys, and that "taking into consideration" that fact, the two thousand five hundred dollars per month was "reasonably and properly advanced to said widow as a family allowance and for her use and support." Moreover, in this appeal, as was held by this court when these matters were before it on former appeals (*In re Lux*, 100 Cal. 606; *Miller* v. *Lux*, 100 Cal. 609), the question is not whether there had been a valid pre-existing order for allowance when the executors made the disbursements to the widow, but whether they were reasonable and proper, and therefore should be allowed in the settlement of their accounts. This court there said: "The fact that such payments were made without a previous order of the court does not deprive the executors of the right to a credit therefor, to the extent that the court found such advances were reasonable and proper." (*In re Lux, supra.*)

We see no reason for disturbing the action of the court below.

The order, decree, and judgment appealed from are affirmed.

GAROUTTE, J., HARRISON, J., and BEATTY, C. J., concurred.