EDWARD A. SMITH, ADMINISTRATOR, APPELLANT, V. ESTATE OF GEORGE M. BAYER, APPELLEE.

FILED MARCH 13, 1914. No. 17,668.

Executors and Administrators: ALLOWANCE TO WIDOW: WAIVER. A widow made no claim against the estate of her deceased husband for an allowance of a year's support until about a year after his death. Her claim was disallowed by the probate court, and before taking an appeal from the order of disallowance the widow died. *Held*, That she had waived her right to such an allowance, and the administrator of her estate succeeded to no right which he could enforce.

APPEAL from the district court for Douglas county: LEE S. ESTELLE, JUDGE. *Affirmed*.

*McKenzie & Cox*, for appellant.

*Weaver & Giller, contra.*

BARNES, J.

George M. Bayer, late of Douglas county, died intestate on the 5th day of May, 1910, possessed of about $10,000 worth of personal property. Thereafter, on May 12, 1910, a petition for the appointment of an administrator of his estate was filed in the county court of said county, and proceedings were commenced to probate his estate. On April 17, 1911, and one year after his death, Allie M. Bayer filed her petition in the county court of Douglas county, alleging that she was the wife of the deceased, and praying for an allowance of $50 a month for her support and maintenance as his widow. It was alleged in her petition that she was afflicted with a disease known as cancer of the spine, which rendered her a helpless invalid; that she was not possessed of any property in her own right, and was dependent for her support upon such amounts as she might receive from her deceased husband's estate; that she was compelled to employ medical aid and assistance, and it would require for her support and maintenance not less than $50 a month; that the estate of George M. Bayer had not been settled, and that she was entitled to receive therefrom a reasonable amount for her support and maintenance during the administration of said estate.

On June 5, 1911, an order was entered denying the prayer of her petition. On the 2d day of July, 1911, Allie M. Bayer died, and the plaintiff in this action was appointed administrator of her estate. He thereupon prosecuted an appeal to the district court from the order disallowing her claim. His petition set forth, in substance, the foregoing facts. The administrator of the estate of George M. Bayer demurred to the petition on the ground that it did not state facts sufficient to constitute a cause of action against the estate of his decedent. The district court for Douglas county sustained the demurrer. The plaintiff stood upon his petition, and the action was dismissed. Plaintiff thereupon brought the case to this

court by an appeal, and contends that the court erred in sustaining the demurrer to his petition.

It appears in the case at bar that George M. Bayer, when he died, left certain personal property, but no wearing apparel, ornaments, or household furniture, or other property to which the wife was entitled as a matter of law. She made no demand for the delivery to her of any such property, and although it is claimed she was an invalid, and was in need of an allowance for her year's support, she made no application for such an allowance until about the expiration of one year after the death of her husband; that her application was denied by the probate court, and the appellant died before she took any steps to appeal from the order. It therefore seems clear that she waived her right to the year's support, and the administrator of her estate succeeded to no right which could be enforced by him against the estate of her deceased husband.

The supreme court of North Carolina, in a case where the facts were similar to those in the one at bar, passed squarely upon the question now under consideration. In that case application for a year's allowance had been made by the widow, and appraisers were appointed to set apart the year's support. Before that duty had been performed, and while the appraisers were in the act of taking the necessary steps incident thereto, the widow died. The court held that, the allotment not being complete, no title to the year's support had become vested in the right of her representative to make any claim therefor; that, before such right would accrue to her representative, the report of the commissioners would have to be returned and confirmed. *Ex parte Dunn*, 63 N. Car. 137.

As we view the question presented in this case, the widow had waived her right to prosecute the claim, and her representative could recover nothing from the estate of her deceased husband.

The judgment of the district court was right, and is

AFFIRMED.

LETTON, FAWCETT and HAMER, JJ., not sitting.