# W. EUGENE PYLES

## *vs.*

## THOMAS BOWIE, ADMINISTRATOR OF WILLIAM H. BOWIE, DECEASED.

*Administration: widow's rights; payment in money or furniture; election; Code, Art. 93, sections 308, 309.*

Under sections 308 and 309 of Article 93 of the Code of 1912, in all cases of administration upon the estate of decedent, who leaves a widow, the widow is to be allowed the sums therein mentioned, out of the personal estate remaining after the payment of funeral expenses, to be paid in money or furniture as she may elect; and right to such allowance becomes vested upon the death of her husband, and is not dependent upon any demand or claim by her, or election as to how the allowance is to be made.                                              p. 16

But the election should be made within a reasonable time, as otherwise she may forfeit her right to be paid in furniture. p. 16

When such election is not made within a reasonable time, the allowance should be made in money.                          p. 16

In such a case, upon the death of a widow before payment, the right to receive the money devolves upon her personal representatives.                                              p. 17

*Decided March 18th, 1914.*

Appeal from the Orphans' Court of Prince George's County.

The cause was submitted to BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*T. Van Clagett* and *Joseph C. Mattingly* filed a brief for the appellant.

*Joseph K. Roberts* filed a brief for the appellee.

THOMAS, J., delivered the opinion of the Court.

It appears from the record in this case that William H. Bowie, of Prince George's County, died in August, 1912, leaving a widow and infant children, who were also the children of his said widow.

Letters of administration were granted to W. E. Pyles on the 3rd of December, 1912, and on the same day appraisers were appointed. An inventory of personal property was returned December 17th, 1912, and on the 7th of January, 1913, the letters granted to W. E. Pyles were revoked; letters of administration were granted to Thomas Bowie, the appellee, and an order was passed for the sale of the personal property. A list of sales of personal property was filed February 4th, 1913, and on the 16th of August the Orphans' Court of Prince George's County approved and passed the appellee's "First and Final Account" as amended, in which he is charged with the proceeds of sales of personal property and cash to the amount of $381.30, and allowed credit "for payments and disbursements" amounting to $356.58, leaving a balance, applicable to the payment of the debts of the deceased, of $24.72.

One of the credits allowed is as follows:

"And for this sum due to the widow, Alice Victoria
Bowie, as widow of William H. Bowie, for allowance
out of the personal estate after payment of funeral
expenses as provided in section 304, Art. 93, of the
Code of General Laws of Maryland, being a widow
with minor children, the said William H. Bowie hav-
ing died in August, 1912, and the said Alice Victoria
Bowie having died on or about December 20, 1912,
leaving two adult and two minor children. .$150.00."

From the order of the Court passing the account, a cred-
itor of the deceased, to the amount of $190.73, has appealed.

The record does not show that the appellant filed excep-
tions to the account in the Orphans' Court, but we assume
that he did object to it, and it is stated in the brief filed in
his behalf that the only amendment was the addition to the
above item of the words, "being a widow with minor chil-
dren," etc., and that the objection was to said allowance to
the widow.

The ground of the objection urged in the appellant's brief
is that the widow having died on December 20th, 1912, with-
out having made any claim or election under section 308 of
the Code of 1912, no allowance to her can be made under
that section.

It does not appear from the record that she did not make
a demand for the money or property to the amount of $150,
but as letters of administration were not granted until
December, 1912, and the inventory of personal property was
not returned until December 17th, three days prior to her
death, the probabilities are that she did not.

Section 291 of the Code of 1860 authorized a widow to
"take to herself and apply to her own use and the use of
her children, such household and kitchen furniture, or other
personal property, as she may choose," to the value of $150,
"according to the inventory and appraisement," provided
that the account of property so selected by her be deducted
from her distributive share of the personal estate.   Under·

the law as it then stood the widow was only given the right to select such personal property as she desired to take as a part of her distributive share of the estate, and the Court held in *Crow* v. *Hubbard,* 62 Md. 560, that the testatrix of a deceased widow could not maintain a claim to personal property belonging to the estate of the husband unless the same had been selected by the widow during her life.

A very different provision was made for a widow by the Act of 1884, Chapter 107 (sec. 308 of Art. 93, Code of 1912), which provides: "In all cases where administration shall have been or shall hereafter be granted upon the estate of a married man who has left a widow and an infant child or infant children, surviving him, the said child or children being also the child or children of the said widow, such widow shall be entitled to an allowance of the personal estate remaining after the payment of funeral expenses, for her own use and that of the said infant children, of the sum of one hundred and fifty dollars, to be paid to her in money or in articles of household and kitchen furniture at their appraised value, as she may elect." Section 309 of the same article provides that where there are no infant children the widow shall in like manner be allowed seventy-five dollars.

These sections declare that the widow *shall* be allowed the amounts therein mentioned, and that they shall be paid to her in money or property, as she may elect. Her right to the *allowance* becomes vested upon the death of her husband, and is not dependent upon a demand or claim by her, or her election as to how it shall be paid. The Code does not provide when the election to have the allowance paid in money or property shall be made. It should, however, be made within a reasonable time, and the widow may, by her failure to so make it, forfeit her right to demand payment in household and kitchen furniture. *Crow* v. *Hubbard, supra.* But her right to the *allowance* is determined by the statute, and is not defeasible upon the failure to make an election as to the manner of payment. When a widow does not, within a

reasonable time, elect to receive the amount in property of the kind specified, the allowance should be paid in money.

In the case of *Beachley* v. *Estate of Bollinger*, 119 Md. 151, where an allowance to the widow of $75, under section 309 of the Code, was objected to, the Court said: "It was mandatory upon the Orphans' Court under the section of the Code we have transcribed to have made the allowance it did to the widow."

The allowance provided for in section 308 is to the widow, and, as we have said, Mrs. Bowie's right to the $150 became vested upon the death of her husband. Upon her death before payment, the right to receive it devolved upon her personal representatives. *Crow* v. *Hubbard, supra;* 18 *Cyc.* 395.

As the allowance in question was made by the Orphans' Court in accordance with the express mandate of the Code, and as the account of the appellee is not objected to on any other ground, we must affirm the order from which this appeal was entered.

*Order affirmed, with costs to the appellee.*