CHARLES R. EASTON, *Ex. vs.* MARY L. FESSENDEN, *Admx.*

JULY 16, 1940.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

260

CAPOTOSTO, J. This case is before us on the appellant's single exception to the decision of a justice of the superior court, sitting without a jury, denying appellant's petition, as executor of the will of Agnes A. Fessenden, for an allowance and set-off to him, as such executor, of the household furniture and effects of the late Russell F. Fessenden, husband of the said Agnes A. Fessenden.

The facts are undisputed. Russell F. Fessenden, of the town of Cumberland, died intestate in 1907, leaving a widow, Agnes A. Fessenden, and an adult son, Benjamin F. .Fessenden, husband of Mary L. Fessenden. No administrator of Russell's estate being appointed, his widow remained in possession of his personal property until her death in March 1938. She left a will naming the appellant as executor, and he duly qualified as such executor in April of that year.

Russell's son, Benjamin, died testate in 1915. The appellee, his widow, is the executrix of and sole beneficiary under his will. Shortly after the appointment and qualification of the appellant as executor under the will of Agnes A. Fessenden, the appellee was named and qualified as administratrix of Russell's estate. Thereafter, certain proceedings were had in the probate court for the town of Cumberland concerning the personal property in Russell's estate which had remained in the possession of his widow, Agnes, from the time of his death in 1907 to her death in 1938. The instant case is the result of those proceedings.

The appellant's contention, in substance, is that, under general laws 1938, chapter 577, § 6, which has remained unchanged since 1905, his testatrix, Agnes A. Fessenden, was entitled in her own right to the household effects of her deceased husband, Russell F. Fessenden, and that her right to such personal property could be defeated only at the instance of Russell's creditors. The appellee takes an opposite position, contending that, subject to the rights of creditors, Russell's household effects were part of his estate to be administered in accordance with our law of descent and distribution governing personal property, unless the household effects or some portion thereof were, upon application by the widow *in her lifetime,* set off to her by the probate court.

The section upon which these conflicting contentions rest is as follows: "§ 6. The wearing apparel of the widow and minor children of a deceased person shall belong to them, respectively. The widow shall be entitled, for herself and for the family under her care, to such household effects, supplies, and, in addition thereto, such other personal property of the husband, exempt from attachment by law, as the probate court shall deem necessary, having regard to all the circumstances of the case; or, if there is no widow, the minor children shall be entitled to the same, or the use thereof, in such manner as the court shall direct."

This statute is in derogation of the common law and, therefore, must be understood as affecting no change in that law beyond what is clearly indicated in express terms or by necessary implication. *Michael* v. *McGovern,* 56 R. I. 133. A statute is to be construed with reference to its intended scope in order to carry out the apparent objects and purposes of the legislature. *Romoli* v. *Motta,* 59 R. I. 201, 205; *Blais* v. *Franklin,* 31 R. I. 95. Whenever the language is susceptible of more than one reasonable interpretation, such reasonable interpretation will be adopted as will best carry out the evident purposes of the statute. *Art Metal Con-*

*struction Co.* v. *Knight,* 56 R. I. 228, 235. Long acquiescence in a particular construction of a statute, though not controlling in the absence of cases in which the point is specifically raised, is entitled to serious consideration. *Probate Court of East Providence* v. *McCormick,* 56 R. I. 308, 321.

The statute in question here appears in substantially the same form in P. L. 1798, pp. 288-289, sec. 2. To our knowledge this is the first time since that date that the contention which the appellant makes in the instant case has come before this court. We cannot ascribe such a situation to oversight or lack of ingenuity on the part of the members of the bar; on the contrary, their inaction over the years is strong evidence that they considered the right which the appellant claims in this case as purely personal to the widow and minor children.

This § 6, chap. 577, G. L. 1938, now before us, is the first of four sections under the second main subdivision of that chapter, which is entitled: "Allowance to Widows, Minor Children and Family of Deceased." Throughout these sections the statute speaks only of the widow and minor children of a deceased person without any reference whatsoever to their executors, administrators or assigns. The language of these sections, especially when considered in connection with other coordinate statutory provisions, makes it evident that the legislature intended to assist the widow and family of a deceased person in the widow's lifetime, and not to benefit her estate after her death. See G. L. 1938, c. 578, § 33, and c. 569, § 1. See also P. L. 1939, chap. 664, § 1.

In arguing for his contention, the appellant does violence to the language of the legislature in the second sentence of § 6. He makes the first clause of that sentence read: "The widow shall be entitled, for herself and for the family under her care, to such household effects", and entirely disregards

all the rest of that sentence. With this as a premise, he seizes upon the word "entitled" and construes that word as vesting in the widow a property right in the household effects, and then concludes that this right passes to her executor or administrator upon her death, subject only to the rights of creditors of her deceased husband.

Said § 6 does not merely say that the widow shall be entitled to certain property; it says that she shall be entitled "to such household effects, supplies, and, in addition thereto, such other personal property of the husband . . . as the probate court shall deem necessary, having regard to all the circumstances of the case." The statute of 1798, *supra,* provided that the widow was entitled to such "household effects as the Court of Probate shall deem necessary according to her situation and the circumstances of the estate." This provision was retained without substantial change in all subsequent reenactments of the statute until the Court and Practice Act of 1905, when the wording of § 6 first appears. C. P. A. chap. 42, secs. 871-874.

The substitution of the words "all the circumstances of the case" in § 6 for the words "according to her situation and the circumstances of the estate" in previous enactments is a change of form and not of substance. If the legislature had intended to change the substantive meaning of the statute, it would have stated such intention in express language. That the legislature knew how to vest a property interest in the widow when it so intended is quite apparent in the first sentence of § 6, which provides that: "The wearing apparel of the widow and minor children of a deceased person *shall belong* to them, respectively." (italics ours) The intention of the legislature in the second sentence of § 6 is to be ascertained by a reading of that entire sentence with relation to the preceding part of that section and other cognate statutory provisions. It is a perversion of the statute to separate certain language from its context in order that it may fit exigencies of a particular case.

By § 6 the legislature clearly intended to make provision for the widow and minor children of a deceased person while they were living; it did not intend to benefit the creditors or other persons interested in their estates after their death. The statute is based on considerations of public policy directed toward the preservation of the home and family of a decedent by assuring his widow and minor children immediate assistance, within the discretion of the probate court, out of a clearly specified portion of his estate.

The section under consideration does not give to the widow a vested right of property, in the nature of an additional distributive share, in the personal estate of her husband, which will pass to her executor or administrator upon her death. She is entitled to petition the probate court for the allowance to her of the personal property therein described and, upon such petition being filed, it then becomes the duty of the probate court to grant or deny her request, in whole or in part, "having due regard to all the circumstances of the case"; or, as is stated in previous enactments of the statute, the widow shall be "entitled" to such household effects "as the Court of Probate shall determine necessary, according to her situation and the circumstances of the estate."

Until there is a judicial determination on such a petition, the widow's claim to the household effects and other personal property then belonging to the husband's estate is contingent and uncertain. The allowance to her of such personal property depends entirely upon the discretion of the judge of probate, which he is authorized to exercise with such liberality towards the widow as due regard for her circumstances will justify and the condition of the husband's estate will reasonably permit. No right to any of the personal property of the husband's estate described in § 6 vests in her until she is allowed such property by a final decree of the probate court.

Many decisions from other jurisdictions have been cited to us by both parties. We have examined those decisions and find no case upon a statute exactly like our own. The wide variance in the language of the statutes of other states has resulted in what appears as a conflict of authority. As a matter of fact, such a conflict is more apparent than real, and disappears in most if not all cases when proper consideration is given to the language of the statutes which are the bases of apparently conflicting decisions.

Generally speaking, the cases fall into two distinct classes. One class deals with statutes which give to the widow a fixed and definite allowance of certain personal property out of her husband's estate in mandatory terms. Under such statutes, it is generally held that the widow's right to the allowance will pass to her personal representative as part of her estate. *Brown, Admr.* v. *Joiner, Admr.,* 77 Ga. 232; *Pyles* v. *Bowie,* 123 Md. 13; *Bratney, Admr.* v. *Curry, Ex.,* 33 Ind. 399; *In re Estate of Phillips,* 27 Ohio N. P. (N.S.) 142; *In re James' Estate,* 38 S. D. 107; *In re Lux Estate,* 114 Cal. 89; *Poupore* v. *Stone-Ordean-Wells Co.,* 132 Minn. 409; *Allen* v. *Hempstead,* 154 Ill. App. 91. Cases of the other class involve statutes which leave the amount of the widow's allowance, and the question of whether it shall be granted at all, to the discretion of a court or other body or person. Under these statutes, the cases generally hold that the right to the personal property of the husband's estate therein described is personal to the widow and will not pass to her executor or administrator. *Adams* v. *Adams,* 10 Metc. 170; *Drew* v. *Gordon,* 13 Allen 120; *Zunkel* v. *Colson,* 109 Ia. 695; *Dunn, Ex Parte,* 63 N. C. 137; *In re Bayer's Estate,* 95 Neb. 532; *Tarbox* v. *Fisher, Admr.,* 50 Me. 236; *Johnson's Estate* v. *Johnson's Estate,* 41 Vt. 467; *In re Hearn's Estate,* 195 A. (Del.) 367.

The line of demarcation between the two types of statutes just mentioned is illustrated by the two sentences of

§ 6 now before us. The first sentence vests an absolute right of property in the widow in direct and mandatory language; the second sentence gives the widow a right to claim certain personal property, but whether or not her request will be granted to any extent is left to the sound discretion of the probate court, "having regard to all the circumstances of the case."

For the reasons above stated, we find no error in the decision of the trial justice.

The exception of the appellant is overruled, and the case is remitted to the superior court for further proceedings following such decision.

*Charles R. Easton,* for appellant.

*Tillinghast, Collins & Tanner, Henry W. Rigby,* for appellee.