[No. 2592–3.   Division Three.   November 30, 1978.]

*In the Matter of the Estate of*
GEORGE DRINKWATER.

*Michaelsen & Lee* and *Howard K. Michaelsen,* for appellant.

*Gordon & Ripple, John J. Ripple,* and *Brian G. Hipperson,* for respondent.

ROE, J.—George and Edith Drinkwater were married nearly 40 years. No children were born of that marriage. Each had been married previously, and each had separate property, which separate status was maintained during their marriage.

Evelyn Wright, a neighbor, who was unrelated to either George or Edith Drinkwater, became their housekeeper in 1972. In 1975 Mrs. Wright was appointed guardian of the person and estate of Edith Drinkwater. The next year, on July 4, 1976, George Drinkwater died testate, leaving a separate estate of nearly one–half million dollars. By the terms of his will he gave all of his property in trust to Mrs. Wright for the benefit of his surviving spouse, Edith, and upon her death the remainder of his estate was to go to

Mrs. Wright. In addition to being trustee under the terms of his will, Mrs. Wright was also executrix of his estate.

On November 16, 1977, Mrs. Wright was removed as guardian of the person and estate of Mrs. Drinkwater because of a conflict of interest. The Seattle–First National Bank, Spokane and Eastern Branch, was substituted as guardian of Edith Drinkwater's estate, and Dorothy Miller, her niece, became guardian of her person.

Edith died on November 22, 1976, some 4 1/2 months after George's death. While Mrs. Wright was Edith Drinkwater's guardian she never filed a petition on Edith's behalf for an award in lieu of homestead. It appears obvious that such an award would decrease the amount Mrs. Wright would eventually receive, under George's will, upon Edith's death. Seattle–First National Bank, which became personal representative of the estate of Edith Drinkwater, petitioned on behalf of Edith for an award in lieu of homestead, out of George Drinkwater's estate, on July 20, 1977. The court granted $20,000. No discretion was involved in the grant, since Edith received less than $20,000 of insurance upon George's death.

This appeal from the award as made is brought by George's estate. All conditions precedent to the award were met except possibly one, namely survival.

RCW 11.52.010,[1] insofar as applicable, provides that the court shall, upon petition, set off to the *surviving* spouse

---

[1]RCW 11.52.010 reads:

"If it is made to appear to the satisfaction of the court that no homestead has been claimed in the manner provided by law, either prior or subsequent to the death of the person whose estate is being administered, then the court, after hearing and upon being satisfied that the funeral expenses, expenses of last sickness and of administration have been paid or provided for, and upon petition for that purpose, shall award and set off to the surviving spouse, if any, property of the estate, either community or separate, not exceeding the value of twenty thousand dollars at the time of death, exclusive of general taxes and special assessments which were liens at the time of the death of the deceased spouse, and exclusive of the unpaid balance of any contract to purchase, mortgage, or mechanic's, laborer's or materialmen's liens upon the property so set off, and exclusive of funeral expenses, expenses of last sickness and administration, which expenses may be deducted from the gross value in determining the value to be set

separate or community property not exceeding $20,000, within 6 years from the date of the death of the person whose estate is being administered. RCW 11.52.012[2] which states certain conditions under which the award may be denied or reduced, does not apply here.

Two questions appear: (1) Does the statutory term "surviving spouse" mean "surviving at the death of the person whose estate is being administered," or does it mean "surviving when the petition and/or the award was made?" (2) Since the award has already been made, would equity permit Evelyn Wright to profit from her trust and enhance the amount passing to herself upon Edith's death by failing to claim the award during Edith's lifetime?

We address the latter question first. A probate court is a court of equity and general jurisdiction. *In re Estate of Hoscheid,* 78 Wash. 309, 322, 139 P. 61 (1914); *In re Estate of Elliott,* 22 Wn.2d 334, 156 P.2d 427, 157 A.L.R. 1335 (1945). It is said that equity is the vehicle by which the conscience of the community finds expression.

---

off to the surviving spouse; provided that the court shall have no jurisdiction to make such award unless the petition therefor is filed with the clerk within six years from the date of the death of the person whose estate is being administered."

[2]RCW 11.52.012, in effect at the date of death, reads as follows:

"Such award shall be made by an order or judgment of the court and shall vest the absolute title, and thereafter there shall be no further administration upon such portion of the estate so set off, but the remainder of the estate shall be settled as other estates: *Provided,* That no property of the estate shall be awarded or set off, as in RCW 11.52.010 through 11.52.024 provided, to a surviving spouse who has feloniously killed the deceased spouse: *Provided further,* That if it shall appear to the court, either (1) that there are children of the deceased by a former marriage or by adoption prior to decedent's marriage to petitioner, or (2) that the petitioning surviving spouse has abandoned his or her minor children or wilfully and wrongfully failed to provide for them, or (3) if such surviving spouse or minor children are entitled to receive property including insurance by reason of the death of the deceased spouse in the sum of twenty thousand dollars, or more, then the award in lieu of homestead and exemptions shall lie in the discretion of the court, and that whether there shall be an award and the amount thereof shall be determined by the court, who shall enter such decree as shall be just and equitable but not in excess of the award provided herein."

■ Trustees and guardians must conform to stringent standards of responsibility.

> The law is that a trustee is under a duty to the beneficiary to administer the trust solely in the interest of such beneficiary, and, in doing this, an undivided loyalty to the trust is required. The trustee is not permitted to make a profit out of the trust. . . . An executor, executrix or administrator of an estate of a deceased person acts in a trust capacity, and must conform to the rules governing a trustee.

*In re Estate of Johnson,* 187 Wash. 552, 554, 60 P.2d 271, 106 A.L.R. 217 (1936).

> An administrator stands in a fiduciary relation to those beneficially interested. He is subject to the universal rule that a trustee is bound to do that which will best serve the interests which for the time are intrusted to his care. His own good faith is not enough.

*Stewart v. Baldwin,* 86 Wash. 63, 68, 149 P. 662 (1915).

> A guardian cannot be allowed to make a profit from the handling of his ward's estate.

*In re Estate of Montgomery,* 140 Wash. 51, 53, 248 P. 64 (1926), which involved a guardian's attempt to collect a real estate sales commission on property belonging to the estate.

> [T]he trustee has no right to derive any benefit or advantage from the trust fund; but all his skill and labor in the management of it must be directed to the advancement of the interest of his *cestui que trust,* . . .

*In re Carlson,* 162 Wash. 20, 31, 297 P. 764 (1931), quoting from 26 R.C.L., § 189, at 1326–27.

Where a woman, on the day she died, gave her husband a deed to certain real estate, which he agreed to hold in trust for her son by a prior marriage, and the husband accepted the deed of trust, the Supreme Court prevented his later attempt to claim a homestead in that property.

> A trustee, having accepted a trust and entered upon the discharge of his duties as trustee, is *estopped* from setting up a claim to the trust estate as against the beneficiary under the trust. A trustee cannot deal with trust

property for his own profit, claim any advantage by reason of his relation to it, or set up a claim against the trust estate.

. . .

"Under no circumstances can a trustee claim or set up a claim to the trust property adverse to the *cestui que trust. . . . If a trustee desires to set up a title to the trust property in himself, he should refuse to accept the trust."* 1 Perry on Trusts and Trustees (7th ed.), 721, § 433.

(Italics ours.) *In re Estate of Eustace,* 198 Wash. 142, 147, 87 P.2d 305 (1939).

A claim of homestead is antagonistic to the rights of *cestui que trust,* and cannot be allowed. . . .

. . .

The trustee owes to the *cestui que trust* the highest of good faith, diligence, and integrity.

(Citations omitted.) *In re Estate of Eustace, supra* at 148, wherein the court, quoting *In re Estate of Johnson, supra,* further stated:

"The law is that a trustee is under a duty to the beneficiary to administer the trust solely in the interest of such beneficiary, and, in doing this, an undivided loyalty to the trust is required. The trustee is not permitted to make a profit out of the trust.

Thus, the husband,

having accepted the trust created by the deed which had been executed by his wife, could not thereafter secure any of the property specified in the deed by claiming it under the statute provided for exemption in lieu of homestead.

*In re Estate of Eustace, supra* at 148. That case is the logical obverse of the instant case. There, even though the husband would normally have had an absolute right to an award in lieu of homestead, he was estopped from claiming it because of the trust relationship.

■ We need not interpret the survival requirement of the homestead statute to decide this case. We simply must not permit the personal representative, who is in the position of trustee, and who in this case also holds the remainder interest, to profit by failing to use her best skill and

labor for the benefit of the beneficiary. Edith lived 4 1/2 months after the death of her spouse, which left ample time to petition for and receive an award in lieu of homestead. As Justice Story remarked,

> [E]quity will, for the purposes of justice, treat that to have been done which ought to have been done.

*Taylor v. Longworth,* 39 U.S. (14 Pet.) 172, 177, 10 L. Ed. 405 (1840). We hold that she is estopped to object to the award made by the trial court. *In re Estate of Eustace, supra.*

In light of our holding, we need not reach the question of the statutory requirement of the spouse's survival to the date of the petition or award.[3]

The trial court's judgment is affirmed.

GREEN and MCINTURFF, JJ., concur.

Reconsideration denied December 21, 1978.

Review denied by Supreme Court April 20, 1979.

---

[3]We note that *Patterson v. Bixby,* 58 Wn.2d 454, 460, 364 P.2d 10 (1961), stated in a departmental opinion:

> The right to a homestead allowance under RCW 11.52.010, is also personal to the surviving spouse since the *surviving spouse* must file a petition in order that the award may vest.

But we also note that a contrary position has been suggested in *State ex rel. Case v. Superior Court,* 23 Wn.2d 250, 160 P.2d 606 (1945), which directly concerned whether a widow's right to a monthly family allowance of $575, rather than an award in lieu of homestead, would survive her own subsequent death. The court held that her action seeking the family allowance abated on her death, but quoted *Easton v. Fessenden,* 65 R.I. 259, 14 A.2d 508 (1940), for the proposition that the right

> will pass to her personal representative as part of her estate.

in cases arising in states

> which give to the widow a fixed and definite allowance of certain personal property out of her husband's estate *in mandatory terms.*

(Italics ours.) *State ex rel. Case v. Superior Court, supra* at 251–52, quoting from *Easton v. Fessenden, supra.* Although we do not decide that question, we do not read the statute as requiring the *surviving spouse* to file the petition. Actually, in everyday practice petitions for homestead awards are filed by the personal representatives on behalf of surviving spouses, or if none, minor children.