[No. 13307–1–I.   Division One.   April 7, 1986.]

HAROLD CHESNIN, as *Administrator, Respondent,* v.
MARTIN FISCHLER, ET AL, *Appellants.*

*In the Matter of the Estate of*
BERTHA SIEGEL.

*Steinberg & Steinberg* and *Jack Steinberg,* for appellants.

*MacDonald, Hoague & Bayless, Ester Greenfield, Ziontz, Pirtle, Morisset, Ernstoff & Chestnut,* and *Barry D. Ernstoff,* for respondent.

SCHOLFIELD, C.J.—Martin Fischler and Zeni Fischler, his wife, appeal a superior court judgment entered after a bench trial resolving a number of issues arising out of the probate of the estate of Bertha Siegel. We affirm.

## FACTS

Bertha Siegel died February 15, 1981. She was survived by her husband, Nathan Siegel. All of their property was community property. In her will, Bertha bequeathed her one–half of the community property to her sister, Zeni Fischler. Nathan was appointed executor of Bertha's estate, and on July 21, 1981, he filed a petition for an award in lieu of homestead.

During the marriage, Bertha had set up joint bank accounts with her sister, Zeni, using community funds without the knowledge or consent of Nathan. On July 23, 1981, Nathan filed suit against the Fischlers on behalf of Bertha's estate to recover all funds from the joint bank accounts. The suit also sought recovery of a small death benefit received by Zeni, which allegedly belonged to Bertha's estate.

Bertha Siegel was buried in Israel, in accordance with a desire expressed in her will. Martin and Zeni paid the funeral expenses and accompanied the body to Israel. The funeral, burial, and transportation costs totaled $9,856.77, including round–trip plane fares for Martin and Zeni.

On August 12, 1981, a hearing was held concerning the award in lieu of homestead. The Fischlers appeared and resisted the award on the ground that the funeral, burial, and transportation expenses incurred by the Fischlers had not been paid. The estate responded that part of the Fischler claim was being contested and that sufficient funds would be escrowed to pay all allowable funeral and burial expenses. The court commissioner hearing the matter declined to grant the award.

Nathan Siegel died August 22, 1981, before a trial could be held on the award in lieu of homestead. In January 1983, the probate case and the civil case against the Fischlers

were consolidated for trial, which was held in January 1983. The trial court's findings, conclusions, and judgment can be summarized as follows:

1. Bank accounts in the names of Bertha and Nathan were joint accounts with a right of survivorship and passed directly to Nathan by operation of law.

2. The bank accounts in the names of Bertha and Zeni were funded by unauthorized gifts of community funds. Even though the accounts were joint accounts with a right of survivorship, the funds in the account did not pass to Zeni and should be returned to the estate.

3. The union death benefit was part of Bertha's estate and must be returned by Zeni to the estate.

4. Except for the round–trip plane ticket for Martin Fischler, the funeral, burial, and transportation expenses to Israel were reasonable and necessary and should be reimbursed to the Fischlers by the estate.

5. The award in lieu of homestead was approved and awarded to Nathan's estate.

6. Attorney's fees were awarded to the estate, and the claim of attorney's fees made by the Fischlers was denied.

JOINT BANK ACCOUNTS OF NATHAN AND BERTHA

The Fischlers contend that Nathan's estate should be required to return to Bertha's estate all joint bank accounts and bonds held in the names of Bertha and Nathan. This argument is based on the desire expressed in Bertha's will that as much of her estate as possible go to her sister, Zeni.

This argument has no support in the law of this State. RCW 64.28.010 authorizes joint tenancies with right of survivorship and provides in part:

Whereas joint tenancy with right of survivorship permits property to pass to the survivor without the cost or delay of probate proceedings, there shall be a form of co–ownership of property, real and personal, known as joint tenancy. A joint tenancy shall have the incidents of survivorship and severability as at common law. Joint tenancy shall be created only by written instrument, which

instrument shall expressly declare the interest created to be a joint tenancy.

■ *Anderson v. Anderson*, 80 Wn.2d 496, 495 P.2d 1037 (1972) holds that property held in a joint bank account with right of survivorship upon the death of the joint tenant becomes the separate property of the surviving joint tenant and passes directly to the surviving joint tenant by operation of law without going through the estate of the deceased.

In support of their argument, the Fischlers cite *In re Estate of Hickman*, 41 Wn.2d 519, 250 P.2d 524 (1952). *Hickman* does not address the status of community property funds in a joint bank account *after* the death of a joint tenant. We find nothing in *Hickman* applicable to the issues in this case. The trial court correctly ruled that funds in Nathan/Bertha's joint accounts belonged to Nathan's estate.

### JOINT BANK ACCOUNTS OF BERTHA AND ZENI

The Fischlers' contention that Zeni should be allowed to retain the proceeds of the joint bank accounts set up by Bertha with Zeni, using community funds, is nonmeritorious. It is undisputed that the money that went into the joint bank accounts was community property and that the bank accounts were set up without the knowledge or consent of Nathan.

RCW 26.16.030(2) provides:

Neither spouse shall give community property without the express or implied consent of the other.

■ *Munson v. Haye*, 29 Wn.2d 733, 189 P.2d 464 (1948) holds that a wife may not, without the consent of her husband, give away community funds by establishing a joint bank account with right of survivorship with a third party.

All proceeds from the joint bank accounts in the names of Bertha and Zeni are community property belonging to Bertha's estate and subject to disposition under the terms of her will.

### NECESSARY AND REASONABLE FUNERAL EXPENSES

The trial court ordered reimbursement to the Fischlers for all expenses advanced by them for transportation of Bertha's body to Israel and the funeral and burial there, including the transportation costs for Zeni. Only the transportation costs for Martin were disallowed, and the Fischlers assigned this disallowance as error, relying upon the contention that Zeni was emotionally distraught and could not travel alone.

■ Allowance of funeral expenses is a discretionary decision. RCW 11.76.110(1) states:

After payment of costs of administration the debts of the estate shall be paid in the following order:
(1) Funeral expenses in such amount as the court shall order.

The determination of what is reasonable is "governed largely by the custom of people of the social rank to which the decedent belonged, and also the value of his estate." *In re Estate of Allen*, 175 Wash. 65, 69, 26 P.2d 396 (1933). The trial court made a finding of fact that the expense of Zeni's trip to Israel was reasonable. The trial court further found that Zeni could have traveled alone. These findings are supported by substantial evidence. In light of the findings, there was no abuse of discretion in disallowing the claim for Martin's round–trip air travel to Israel.

### AWARD IN LIEU OF HOMESTEAD

The Fischlers assign error to the granting of the award in lieu of homestead to Nathan's estate, contending (1) that the award was not mandatory because Nathan received over $20,000 free of the probate "by reason of the death of the deceased spouse", RCW 11.52.012, making the award discretionary, and (2) that if the award *was* mandatory, it could not be made after Nathan's death.

■ Under statutes where the award is mandatory, the right to the award vests upon the death of a spouse, or, at the latest, when all conditions precedent are met. When the surviving spouse dies after the right to the award vests but

before the award is actually made, his or her personal representative can enforce granting of the award to his estate. This result follows from the reasoning in *State ex rel. Case v. Superior Court*, 23 Wn.2d 250, 160 P.2d 606 (1945).

In *Case,* the court considered a widow's right to a family allowance when her death occurred prior to the time an allowance had been ordered. The court adopted the reasoning of *Easton v. Fessenden,* 65 R.I. 259, 14 A.2d 508 (1940), to the effect that these cases fall into two classes. One class is where the court has discretion as to whether an award will be made and, if so, the amount thereof. The other class is where the statute gives the widow a fixed and definite allowance in mandatory terms. In *Easton,* the court stated that under the mandatory statutes, "it is generally held that the widow's right to the allowance will pass to her personal representative as part of her estate." *Easton,* at 266. Because the applicable statute on family allowances made the allowance subject to the court's discretion, the court denied the award in *Case.*

In contrast to the family allowance statute in *Case,* the applicable homestead statute here makes the award mandatory when conditions precedent are met. It follows that when the surviving spouse dies after the vesting of the award, the award can and must be made to his estate.

At the time of Bertha's death, RCW 11.52.010 provided in part:

> If it is made to appear to the satisfaction of the court that no homestead has been claimed in the manner provided by law, either prior or subsequent to the death of the person whose estate is being administered, then the court, after hearing and upon being satisfied that the funeral expenses, expenses of last sickness and of administration have been paid or provided for, and upon petition for that purpose, shall award and set off to the surviving spouse, if any, property of the estate, either community or separate, not exceeding the value of twenty thousand dollars at the time of death, . . .

A fair reading of this statute makes it clear that the award is mandatory once a petition therefor is filed and all

conditions precedent are met. *In re Estate of Boston,* 80 Wn.2d 70, 75, 491 P.2d 1033 (1971); *In re Estate of Drinkwater,* 22 Wn. App. 26, 28, 587 P.2d 606 (1978).

RCW 11.52.012 makes the award in lieu of homestead discretionary under certain circumstances and provides in part:

> (3) if such surviving spouse or minor children are entitled to receive property not subject to probate, including insurance, by reason of the death of the deceased spouse in the amount specified in RCW 11.52.010, or more, then the award in lieu of homestead and exemptions shall lie in the discretion of the court, and that whether there shall be an award and the amount thereof shall be determined by the court, . . .

The Fischlers contend the award was discretionary, not mandatory under the facts of this case, and did not vest prior to Nathan's death. At the time of Bertha's death, Nathan and Bertha had three bank accounts and certain United States Savings Bonds, which they held as joint tenants with right of survivorship. The approximate value of the accounts and bonds was $21,547. The Fischlers argue that receipt of this sum free of the probate made the homestead a discretionary ruling.

The argument is made on behalf of Nathan's estate that he received only one–half of the total amount, approximately $10,773.50, "by reason of the death" of Bertha because the other half represented his share of a held–in–joint tenancy. We agree. Because Nathan did not receive property worth $20,000 or more by reason of Bertha's death, the award in lieu of homestead was mandatory under RCW 11.52.010. A petition had been filed and all expenses provided for with the exception of the Fischlers' claim for funeral expenses. The offer by Bertha's estate to escrow the disputed amount was sufficient to meet the statutory requirement.

We have reviewed the contentions of the Fischlers challenging the nature and amount of the award in lieu of homestead and find those contentions nonmeritorious.

ATTORNEY'S FEES

Barry Ernstoff served as attorney for Nathan Siegel, the personal representative for the estate of Bertha Siegel, until Nathan's death on August 22, 1981. Harold Chesnin, an attorney, was then appointed as personal representative in place of Nathan. Chesnin later employed Ester Greenfield to act as attorney for him in the litigation with the Fischlers. Chesnin and Greenfield are in the same law firm. The trial court awarded Ernstoff attorney's fees and costs in the amount of $6,397.70 for services rendered the estate of Bertha Siegel. Greenfield and Chesnin were awarded attorney's fees and costs of $14,155.65 for services rendered in administration of the estate of Bertha Siegel, including the 3-day trial with the Fischlers. The trial court entered conclusion of law 8 that the fees awarded represented "just and reasonable" compensation for services rendered.

The Fischlers' attorney, Jack Steinberg, sought an award of attorney's fees for services rendered, contending that those services were of substantial benefit to the estate of Bertha Siegel. The trial court denied Steinberg's request for attorney's fees.

RCW 11.48.210 provides in part:

An attorney performing services for the estate at the instance of the personal representative shall have such compensation therefor out of the estate as the court shall deem just and reasonable.

█ An award of attorney's fees is a discretionary ruling which will be sustained in the absence of a showing that discretion has been exercised upon grounds or to an extent clearly untenable or manifestly unreasonable. *In re Estate of Coffin,* 7 Wn. App. 256, 269, 499 P.2d 223 (1972).

The attorney's fee awarded Ernstoff was for services rendered while acting as attorney for the personal representative of the estate of Bertha Siegel. The amount of the fee is not challenged. There being no basis for claiming the award was an abuse of discretion, it will be affirmed. The Fischlers have presented no evidence contesting the reasonableness of the attorney's fees awarded to Chesnin and

Greenfield. Those fees are amply supported by evidence presented to the trial court. The award of attorney's fees and costs to Chesnin and Greenfield will also be affirmed.

The legal services performed by attorney Jack Steinberg were performed for his clients, Martin and Zeni Fischler. He did not at any time act as an attorney for the personal representative of the estate. While his services may have had some incidental benefit to the estate of Bertha Siegel, it is quite apparent that the main thrust of Steinberg's work on behalf of the Fischlers was an attempt to increase the amount of Zeni's inheritance from the Bertha Siegel estate. There was no abuse of discretion in denying an award of attorney's fees to Mr. Steinberg.

Greenfield, as attorney for the personal representative of the Bertha Siegel estate, seeks an award of attorney's fees for services rendered on appeal to be paid out of the estate. In support of the application, an affidavit detailing services rendered and the hourly rates applied has been furnished. The affidavit shows legal services rendered on appeal in the total amount of $4,130. An award of attorney's fees to be paid by the estate of Bertha Siegel is approved in that amount.

The Fischlers' brief filed in this case asserted 27 assignments of error. In some instances, a number of assignments of error relate to substantially the same issue. We have reviewed all assignments of error and believe that the foregoing opinion disposes of all of them and that it is not necessary to discuss each assignment of error individually.

The judgment is affirmed.

COLEMAN and GROSSE, JJ., concur.