[No. 26121. Department Two. September 9, 1936.]

*In the Matter of the Estate of* ERIC JOHNSON, *Deceased.*

DAISY HEPPENSTALL *et al., Appellants,* v. EMILY JOHNSON, *Individually and as Executrix, Respondent.*[1]

[1]Reported in 60 P. (2d) 271.

*Chadwick, Chadwick & Mills,* for appellants.
*Rummens & Griffin,* for respondent.

MAIN, J.—July 31, 1933, Eric Johnson died testate. By his will, his widow, Emily Johnson, was named executrix, and it was provided that she should administer the estate without the intervention of the court, except in so far as the law required. By the will, in addition to other property, 498 shares of the capital stock of the Johnson Manufacturing Company were disposed of. Under the will, 249 shares of this stock would go to the widow, and the other 249 shares to the four daughters of the deceased by a former marriage. Mrs. Johnson qualified as executrix and proceeded with the administration of the estate.

The total number of shares of the capital stock of the Johnson Manufacturing Company was five hundred, two of these being owned by one J. G. Nelson. With her individual funds, Mrs. Johnson purchased these two shares, which were not a part of the estate, but were owned, as already stated, by a third party. After she purchased these two shares, the daughters filed a petition in the probate proceeding, to which she was made a party individually and as executrix of the estate, seeking to have the two shares brought into the estate and made a part thereof. Prior to the filing of the petition, the daughters had tendered to Mrs. Johnson the amount which she had paid for the stock, together with interest thereon. To this petition Mrs. Johnson appeared, specially moved to

quash, and also demurred. The motion to quash was denied. The demurrer was sustained, whereupon, the daughters having elected to stand upon the petition, a judgment was entered dismissing the petition, from which they appeal.

The general question in the case is whether the petition stated facts sufficient to entitle the petitioners to any relief. This, in turn, depends upon whether the executrix, in purchasing the two shares of stock, had in any way breached her trust.

The law is that a trustee is under a duty to the beneficiary to administer the trust solely in the interest of such beneficiary, and, in doing this, an undivided loyalty to the trust is required. The trustee is not permitted to make a profit out of the trust. *Meinhard v. Salmon,* 249 N. Y. 458, 164 N. E. 545, 62 A. L. R. 1; Restatement of the Law of Trusts, p. 431; *In re Montgomery's Estate,* 140 Wash. 51, 248 Pac. 64; *Magruder v. Drury,* 235 U. S. 106, 35 S. Ct. 77. An executor, executrix or administrator of an estate of a deceased person acts in a trust capacity, and must conform to the rules governing a trustee. *Stewart v. Baldwin,* 86 Wash. 63, 149 Pac. 662; *In re Cornett's Estate,* 102 Wash. 254, 173 Pac. 44.

It would not be helpful to review the many cases cited in the briefs, in some of which the courts have held that the trustee had failed to be undividedly loyal to the trust, and in others the holding was to the contrary. Each case of this character necessarily depends largely upon its own facts. The case cited which is most closely analogous to the case now under consideration is that of *O'Neile v. Ternes,* 32 Wash. 528, 73 Pac. 692, where it was held that an executor did not sustain such a trust, relative to a legatee under a will, as to render fraudulent *per se* a purchase by him from the legatee of property acquired under the

will, and only in case of actual fraud could such a sale be set aside. It was there said:

"All that appellant had a right to require at the hands of the executors, or either of them, so far as these shares of stock are concerned, was the delivery of the stock to her or her assigns at the time the estate was settled. This stock was a specific legacy to appellant by the terms of the will. She had the right to sell it to whomsoever she pleased, and Mr. Ternes had the right to purchase it for his wife, or even for himself. Schouler, Executors (3d ed.), § 358."

Under the holding in that case, if Mrs. Johnson, the executrix, had purchased two shares of stock from one of the daughters, it would not have been a breach of her trust. It necessarily follows that, if it would not be a breach of a trust to purchase stock from a beneficiary to whom it had been bequeathed, it was not a breach of trust to purchase stock from a third person with the individual funds of the executrix. In purchasing the stock, Mrs. Johnson was not using trust funds, but was procuring the stock, which was not trust property, by the payment of her individual funds. The fact that, upon the distribution of the estate, the stock which would go to Mrs. Johnson, together with the two shares which she purchased from Nelson, would give her a majority of the stock, is not of controlling importance.

In determining the question, only the facts stated in the petition which are well pleaded are to be considered, and the conclusions of the pleader are to be disregarded. Considering only the facts and disregarding the conclusions, the executrix was not guilty of a breach of her trust.

The judgment will be affirmed.

MILLARD, C. J., HOLCOMB, BEALS, and BLAKE, JJ., concur.