[1] Reported in 115 P.2d 734.
This is an appeal by The George Washington Foundation, a corporation, guardian of the persons of Hester M. Robinson, Juanita M. Robinson, and Myrtle M. Robinson, minors, from an order of the superior court for King county, sustaining the demurrer of Robert S. Terhune, guardian of the estates of the above-named minors, to the amended petition of the above corporation, which petition prayed for the removal of Mr. Terhune as such guardian. The order also dismissed the amended petition with prejudice. This proceeding involves not only Robert S. Terhune, the present guardian of the estates of the minors, but also one Ernest B. Hussey, a former guardian. Mr. *Page 527 
Hussey was appointed guardian of the estates of the minors on February 29, 1928.
On March 5, 1928, Mr. Hussey, as such guardian, filed an inventory of the property of such estates, showing real estate in Franklin county of the probable value of two hundred dollars, and one thousand dollars cash received on an insurance policy upon the life of John S. Robinson, father of the minors. Mr. Hussey, as such guardian, filed five biennial reports, covering the period from February 29, 1928, to March 1, 1938. The fifth report showed cash on hand, $1,259.22, in the savings department of the National Bank of Commerce of Seattle, and the Franklin county property.
On May 25, 1938, Robert S. Terhune filed what is termed "Final Account of Resigned Guardian, and Petition for Appointment of Guardian." This final account refers to the appointment of Mr. Hussey as guardian, to the inventory filed by Mr. Hussey on March 5, 1928, to the biennial reports thereafter made by Mr. Hussey, and especially to the fifth biennial report, which showed $1,259.22 cash on hand and certain real property in Franklin county, being the same property set out in the inventory. This final account further shows that, since the filing of the biennial report, interest in the sum of $7.86 has accrued on the savings account.
It is further set out in this final account that Mr. Hussey resigned as guardian on May 20, 1938; that Mr. Terhune has been the attorney for the guardian throughout the entire administration of the estates; that Mr. Hussey has turned over to Mr. Terhune cash in the sum of $1,267.08, and the Franklin county property, and that such money and property is now held by petitioner for the estates of the minors; that, by reason of the resignation of Mr. Hussey as guardian, there is now no guardian of the estates of the minors, *Page 528 
and it is necessary that a guardian be appointed; that, prior to the death of John S. Robinson, he gave to The George Washington Foundation the exclusive care, custody, and control of the minors, and the Foundation has for the past ten years had these minors under its care and control; that petitioner is treasurer of the Foundation, and is a fit and proper person to act as guardian.
Upon the filing of this report and petition, an order was entered on May 25, 1938, fixing the time for hearing same for June 28, 1938, and on May 25th a notice of such hearing was issued by the clerk of the court, published, and posted as by law required.
It also appears from the record that, on May 25, 1938, a copy of the final account and petition was served upon B. Gray Warner, prosecuting attorney for King county, and upon R.J. Fisher, secretary of the Foundation. It also appears from the affidavit of Edith D. Ridenour that, on May 28, 1938, in Seattle, King county, Washington, she served upon the Foundation the final account and petition and notice of hearing on such account and petition, by delivering to and leaving with R.J. Fisher, secretary of the Foundation, a true copy of each of such papers, and that, on May 31, 1938, at Seattle, Washington, affiant served the original account and petition and notice of hearing on same upon the above-named minors, by delivering to and leaving with each of the minors true and correct copies of each of the papers.
On May 25, 1938, Herman Brown was duly appointed guardian adlitem for such minors, to appear and represent their interests upon the hearing of the final account of Mr. Hussey and the petition for the appointment of Mr. Terhune as Mr. Hussey's successor. Mr. Brown duly qualified as such guardian ad litem, and *Page 529 
thereafter, on June 28, 1938, filed his report and answer.
This final account and petition came on for hearing on June 28, 1938, Mr. Terhune appearing in person, the minors appearing by their guardian ad litem, and a witness having been sworn. The court made and entered an order on June 29, 1938, approving the final account of Mr. Hussey, discharging him as guardian, and appointing Robert S. Terhune guardian of the estates of the minors. No appeal was ever taken from this order.
On June 29, 1938, Mr. Terhune duly qualified as such guardian, and on the same day filed an inventory showing the property to consist of the real estate in Franklin county and $1,190.70 in cash, being the amount of money accounted for by Mr. Hussey, less expenditures approved by the court. On June 29th, the court authorized Mr. Terhune to deposit the funds of the estates in the savings department of the Seattle First National Bank.
From the petition of Edith D. Ridenour for approval of settlement, filed in the case of Edith D. Ridenour, as guardianad litem of Juanita M. Robinson, a minor, v. Association Collectors, Inc., et al., No. 307608 of the superior court records for King county, it appeared that, on May 21, 1938, the above-named minor was injured when an automobile, operated by defendant Harry J. Smith, collided with her; that petitioner was, by the court, on June 21, 1938, duly appointed guardian adlitem of the minor, for the purpose of maintaining an action against the above-named defendants, to recover for the personal injuries received by such minor as the result of the collision. It further appeared from such petition that defendants had offered to compromise such suit, by paying the sum of $13,500, by way of full settlement; that petitioner was of the *Page 530 
opinion that such sum would fairly and adequately compensate the minor, and that therefore such offer should be accepted. The petitioner further suggested to the court that all expenditures then due and owing by reason of the injuries sustained, including those set out below, be paid forthwith. The expenditures referred to and set out are as follows: Doctor's bills, $400; hospital bills, $877.16; attorneys' fees, $4,500; nurses' bills, $855.60. The petition then requested that the court enter an order approving the settlement, and that the court authorize the minor plaintiff, the general guardian, and petitioner to sign releases.
On December 20, 1938, the minor, Juanita Robinson, filed a consent in writing to such settlement. On the same day, the matter came on for hearing before Honorable John A. Frater, on the petition, and the court, having heard testimony, and being of the opinion that the offer of settlement should be accepted, authorized the guardian ad litem to accept the sum of $13,500, in full settlement of the claim of the minor, and further ordered the expenditures hereinbefore set out to be paid forthwith, and the balance of the funds to be paid into the funds of the general guardianship. The court also made and entered findings of fact, conclusions of law, and a judgment, to the effect that plaintiff have judgment against defendants in the sum of $13,500.
It appears from the record that Mr. Terhune, the minor, and the guardian ad litem were all present in court when the hearing on the petition was had. The guardian ad litem was also represented by the firm of Cosgrove, Terhune and Schlosstein. The judgment in the cause was entered on December 20, 1938, and no appeal has been taken therefrom, or from the order authorizing the compromise.
On December 29, 1938, Mr. Terhune, as general guardian, filed an additional inventory in the guardianship *Page 531 
proceedings, showing that the sum of $6,867.24 had come into his hands. On the same day, the general guardian was ordered to file an additional bond in the sum of seven thousand dollars, which was done.
On June 29, 1940, the general guardian filed his first biennial report, showing in his possession the sum of $8,067.74 in cash, and the Franklin county real estate.
On March 26, 1940, each of the minors filed in the guardianship proceedings a request for the removal of Mr. Terhune as general guardian, and further requesting the appointment of John Anderson, of Yakima. The request of the minors for the removal of Mr. Terhune states no grounds for such request, other than that they had read the petition of the Foundation asking for such removal.
On March 26, 1940, the Foundation filed a petition for an order directing Mr. Terhune and his sureties, and the sureties on the bond of Mr. Hussey, to appear and show cause why an accounting should not be made of the guardianship property, and why Mr. Terhune should not be removed as general guardian and Mr. Anderson appointed. Upon the filing of the petition, a citation was issued to Mr. Terhune and the sureties on his bond, to appear and show cause on June 17, 1940.
Mr. Terhune appeared, individually and as guardian, and served and filed "Motions to Strike from and Separate Demurrers to the Petition." United States Fidelity Guaranty Company and Fidelity Deposit Company of Maryland each filed its separate motion to strike from and separate demurrer to petition.
The separate motion and demurrer of each of the respondents came on for hearing on June 24, 1940, before Honorable William J. Wilkins, and the court on that day entered an order sustaining the separate demurrers of Robert S. Terhune, individually, the United *Page 532 
States Fidelity Guaranty Company, and the Fidelity Deposit Company of Maryland, and dismissing such petition with prejudice, also sustaining the separate demurrer of Robert S. Terhune, as guardian, and dismissing the petition as to respondent guardian, with the exception that under the petition there might be tried only the question presented by the prayer, that Mr. Terhune be removed as guardian, for good and sufficient reasons, if any, as provided by statute, upon issues to be thereafter framed and settled between petitioner and respondent Robert S. Terhune, as guardian. No appeal was taken from this order.
On August 22, 1940, respondent, Robert S. Terhune, filed a motion requiring petitioner Foundation to elect either (1) to file an amended petition only upon the question of the removal of the guardian, for good and sufficient reasons, if any, as provided by statute, or (2) to stand upon its original petition only upon the question of the removal of the guardian, in order that respondent might be advised as to whether he should plead further to the original petition, limited in its scope as above mentioned, or plead to such amended petition, limited in its scope as above mentioned.
August 23, 1940, appellant served and filed a motion for an order requiring respondent to answer the petition of appellant, or in the alternative to be adjudged in default.
The motions of appellant and respondent came on for hearing before Honorable James B. Kinne, on August 25, 1940, and September 9th following, after argument, the court entered an order denying appellant's motion to require respondent to answer the original petition, granting the motion of respondent, and ordering appellant to serve and file an amended petition within ten days from the date of the order, only upon the question of the removal of Mr. Terhune as guardian. *Page 533 
On the same day as the order was made, appellant served and filed an amended petition, containing the same allegations as the original petition. However, in the prayer of the petition, appellant asked only for the removal of Mr. Terhune as guardian.
Upon the filing of the amended petition, respondent filed a motion to dismiss, strike from, and demurrer to, the amended petition. The motion to dismiss was based upon the ground that the amended petition contained the same allegations as the original petition, to which demurrers were sustained, and that the amended petition was in direct disobedience to the requirement of Judge Kinne that the amended petition be based upon allegations other than those set out in the original petition, or that the same should be connected up with such additional allegations so as to present good and sufficient reasons for the removal of respondent.
This motion and demurrer of respondent came on for hearing before Judge Kinne on October 17, 1940, and thereafter the court entered an order sustaining the demurrer of respondent, as guardian, to the amended petition, and dismissing the amended petition, with prejudice, on the ground that it set out only the same matters and things contained in the original petition, and did not state facts sufficient to constitute a cause of action for the removal of respondent as guardian.
The assignments of error are: (1) The court erred in sustaining the demurrer of the guardian, and dismissing the petition; (2) the court erred in refusing to hear evidence on the petition of the Foundation and show cause order for removal of the guardian.
[1] Appellant contends there are four reasons why the trial court was in error in sustaining the demurrer of respondent and dismissing the petition. The first reason is that all the minors, being over fourteen years of age, requested that the court remove the guardian *Page 534 
and appoint Mr. Anderson, of Yakima. No authority is cited to sustain this contention, other than Rem. Rev. Stat., § 1567 [P.C. § 9899], which appellant admits does not apply to the removal of a guardian, but appellant argues that this section clearly shows the intent of the legislature to recognize and give due consideration to the wishes of a minor over fourteen years of age.
As we have stated, no authority has been called to our attention which would require a court to remove a guardian upon the bare request of a minor, no other cause for such removal being shown. Rem. Rev. Stat., § 1579 [P.C. § 9911], provides that the court shall have power in all cases to remove a guardian for good and sufficient reasons, which shall be entered of record. We stated, in In re Shapiro's Estate, 131 Wn. 653, 230 P. 627, that a court may not arbitrarily remove a guardian and appoint someone else in his stead. We are of the opinion no error can be predicated upon the refusal of the court to grant the request of the minors for the removal of Mr. Terhune.
Appellant's second contention is based upon its claim that Mr. Terhune, as guardian, filed a false report. This contention is based upon the allegations contained in §§ 12 and 13 of the amended petition, which read as follows:
"12. That on or about the 20th day of May, 1938, the said Ernest B. Hussey resigned as guardian of said estates, but failed and neglected to file his final account. That one Robert S. Terhune, who acted as attorney for said Ernest B. Hussey at the appointment of said guardian and during his administration of the estate of said wards, attempted to file a final account on behalf of said Ernest B. Hussey, but there is no warrant in the law for such a procedure, and any and all action taken on the same, with reference to the regime of said Ernest B. Hussey as such guardian, is null and void and of no effect. That the said Robert S. *Page 535 
Terhune attempted to merge such an accounting by Ernest B. Hussey, as guardian, in an instrument filed herein on May 25, 1938, designated final account of resigned guardian and petition for appointment of guardian, which is hereby made a part of this petition by reference.
"13. That in said purported final account and in paragraph 5 thereof the said Robert S. Terhune states:
"`That since the filing of said fifth biennial report there has accrued upon the savings account, interest in the amount of $7.86, making a total amount belonging to the estate of said minors in the savings account of $1,267.08.'
"That in truth and in fact there was no accrued interest in the savings account at said time; that the balance in said savings account, as set forth in paragraph 8 hereof, was $1.33."
It is contended by appellant that there is no warrant in law allowing an attorney to file a report for a guardian who is alive and able to file his own report. It is further contended that, whereas the final account alleged that since the filing of the fifth biennial report there had accrued upon the savings account interest in the amount of $7.86, making a total of $1,267.08 in the savings account belonging to the estates, in truth and in fact there was no accrued interest in the savings account at that time; that the balance in the savings account, as set forth in paragraph 8, was $1.33. It is also claimed that these facts are admitted by the demurrer.
Appellant cites no authority to sustain its contention that there is no warrant in law for an attorney filing a final account for a guardian. However, this final account was filed as the final account of Mr. Hussey. The proper legal notices of a hearing on this account were given. Appellant received a copy of the account and petition, and a copy of the notice of hearing on the same. *Page 536 
 [2] Appellant's petition and amended petition, filed in the guardianship proceedings, specifically referred to such proceedings and to the personal injury action, which had been instituted by a guardian ad litem appointed by the court. In view of this fact, and in view of the fact that these were records of the court, which was called upon to pass upon the demurrer and the motion to dismiss, certainly the court, in passing upon the demurrer and motion, had the right to, and did, take judicial notice of its own records, and was not bound to accept as true allegations in the petition or the amended petition contrary to such records. In re Parkes' Estate,101 Wn. 659, 172 P. 908; In re Laack's Estate, 188 Wn. 462,62 P.2d 1087.
[3] Examination of the record in the guardianship proceeding shows conclusively that, when the court held the hearing on the final account and petition, it had jurisdiction of the subject matter and the parties. The minors were personally served, and appeared by a guardian ad litem appointed by the court. Appellant, as hereinbefore set out, was served with a copy of the account and petition and notice of the hearing on same, but did not choose to appear at that hearing. All of the matters which appellant now seeks to raise by its petition and amended petition could and should have been raised at the hearing hereinbefore referred to. We are satisfied that appellant is bound by the order entered, approving the final account of Mr. Hussey, discharging him as guardian, relieving his bondsmen, and appointing Mr. Terhune as his successor, and that such order isres adjudicata of the questions now sought to be raised by appellant. Golden v. McGill, 3 Wn.2d 708, 102 P.2d 219.
Notwithstanding the allegations in the petition and amended petition, as to the amount which was in the savings account at the time the final account of Mr. *Page 537 
Hussey was filed, it conclusively appears, from the records in the guardianship proceedings, that Mr. Hussey accounted for all money and property belonging to his wards; that Mr. Terhune, when appointed as Mr. Hussey's successor, admitted receipt of the money and property accounted for in such final account; and that Mr. Terhune, as guardian, now holds such money and property for his wards. In other words, the record shows that the minors have not lost one penny of their estates, and in our opinion, it does not show that any fraud was practiced on the court.
[4] The third contention of appellant is that Mr. Terhune, while acting as general guardian, made a profit from the estates of the wards, which the law does not permit. This claim is based upon the allegations contained in paragraphs 15 and 16 of the amended petition, which appellant claims are admitted by the demurrer. Paragraph 15 alleges, in substance, that in the action hereinbefore referred to as having been brought by Edith D. Ridenour, guardian ad litem for Juanita Robinson, against Association Collectors, Inc., a compromise settlement was made, without trial, for $13,500; that prior to the compromise settlement, it was agreed between Mr. Terhune, as guardian, and R.J. Fisher, secretary and one of the trustees of appellant, that the compromise settlement should be made for $16,000; that Mr. Terhune, as guardian, without further consulting with Mr. Fisher, compromised the claim for $13,500; that, out of this amount, Mr. Terhune retained for himself and the law firm of which he is the senior member $4,500, for alleged attorney's fees on a contingent basis; that the general guardian filed an additional inventory, acknowledging receipt of $6,867.24, being the amount received from the compromise settlement, less certain expenses ordered paid by the court. *Page 538 
It is alleged in paragraph 16 that Robert S. Terhune had no written or verbal contract with appellant for a contingent fee for himself or the firm of which he is a member, and withheld the $4,500 without legal or moral right so to do.
Here again the trial court, in passing upon the demurrer to the petition and the motion to dismiss, had the right to, and did, take judicial notice of its own records in the personal injury case, which appellant had specifically referred to in its petition and thereby brought to the attention of the trial court; and when this record, which is hereinbefore set out, is examined, it is apparent that the allegations of paragraphs 15 and 16 are contrary to such record.
The record in the damage case shows that an action was brought by a guardian ad litem for that purpose; that the matter of compromising the claim of the minor was submitted to Judge Frater, by petition of the guardian ad litem, wherein the facts upon which the guardian ad litem requested permission to accept the compromise settlement were set out. At the time of the hearing on this petition, the court had before it the general guardian, the minor, the guardian ad litem, and the defendants to that action; and, after testimony had been taken, the court entered an order authorizing the guardian ad litem to accept the compromise settlement, and further authorizing her to pay forthwith, from the funds so received, certain expenses connected with that matter, including the sum of $4,500 to the firm of attorneys of which Mr. Terhune is a member, for their services.
The court also entered findings of fact, conclusions of law, and a judgment in that case. The court specifically found that, as a result of the injuries sustained by the minor, it was necessary for the guardian ad litem (plaintiff) to incur certain expenses, among which was *Page 539 
the attorney's fee of $4,500. The services rendered by Mr. Terhune's firm were rendered to the guardian ad litem. These services were outside of the normal duties of the general guardian, and we are clearly of the opinion that, under the facts in this case, the attorneys were entitled to the reasonable value of their services, which the court, after a hearing, determined to be $4,500. Jones v. Peabody, 182 Wn. 148, 45 P.2d 915, 100 A.L.R. 64.
[5] We are entirely in agreement with the rule that a guardian should not be allowed to profit at the expense of a ward's estate, as set forth in the cases of In re Montgomery'sEstate, 140 Wn. 51, 248 P. 64; In re Carlson, 162 Wn. 20,297 P. 764; In re Johnson's Estate, 187 Wn. 552,60 P.2d 271, 106 A.L.R. 217; and In re Eustace's Estate, 198 Wn. 142,87 P.2d 305, but these cases are not applicable to the facts herein.
We are also of the opinion that the judgment entered in the damage suit, after a hearing, is res adjudicata of the question which appellant now seeks to raise relative to the attorney's fee allowed.
Appellant's fourth contention "concerns the right of the guardian to prosecute the [damage] action, under terms and conditions of a contingent fee, and the right to compromise for the ward." We think what we have heretofore said with reference to the record relative to the damage action settles the question contrary to appellant's contention.
It might be added that, according to this record, the general guardian did not compromise the damage action, nor does it appear that either Mr. Terhune or his firm performed services upon a contingent fee basis. The matter was submitted to the court on the petition of the guardian ad litem, and the court, after a hearing, authorized the guardian ad litem to compromise *Page 540 
the claim. In the same hearing, the court allowed as attorney's fee to the firm of which Mr. Terhune is a member, the sum of $4,500, for services performed, which sum the court undoubtedly found to be the reasonable value of such services.
After a careful consideration of this record, we are satisfied that neither the original nor the amended petition, when considered in connection with the record, of which the court could and did take judicial notice, alleged facts sufficient to constitute a cause of action, for the removal of Mr. Terhune as guardian.
We are also satisfied that, when appellant filed an amended petition which alleged no facts in addition to those alleged in the original petition, the court properly sustained the demurrer of Mr. Terhune to the amended petition, and dismissed it with prejudice.
The judgment of the trial court was right, and is affirmed.
ROBINSON, C.J., MILLARD, and SIMPSON, JJ., concur.
BEALS, J., concurs in the result. *Page 541