363 P.2d 161 (1961)
In re ESTATE of Frances STEWART, deceased.
Donald B. STEWART, Petitioner and Appellant,
v.
Margaret E. BOYLE, Edith S. Slotta, William T. Stewart, James T. Stewart and Frederick W. Stewart, Objectors and Respondents.
No. 10139
Supreme Court of Montana.
Submitted April 13, 1961.
Decided May 26, 1961.
Rehearing denied June 14, 1961.
Richard J. Carstensen, Billings, argued orally, for appellant.
Jerome Anderson, Billings, Robert W. Holmstrom, Billings, Walter H. Pendergrass, Portland, Or., for respondent Jerome Anderson, argued orally.
VICTOR H. FALL, District Judge, (sitting in place of DOYLE, J.
This is an appeal from an order made by the court below appointing the First National *162 Bank of Billings as administrator C.T.A. of the estate of Frances Stewart, deceased.
The record discloses the following: John S. Stewart and his wife Frances Stewart executed a joint will, dated January 20, 1948. He died June 14, 1952, and the will was duly admitted to probate. It provided that the survivor was to take all of the estate and to be the executor or executrix as the case might be and that upon the death of the survivor all of the estate was to go to the six children in equal shares. The six children were and are Margaret Ellen Boyle, Edith Frances Slotta, James T. Stewart, John Thompson Stewart, Frederick William Stewart and the appellant Donald B. Stewart. It also provided that upon the death of the survivor, Margaret Ellen Boyle was to be executrix and Donald B. Stewart executor of the estate and to serve without bond. The record does not reflect anything further with reference to the father's estate and it is assumed that the probate was concluded in an orderly manner.
It appears that Frances Stewart, the surviving widow, executed a will dated February 26, 1954, and a codicil dated June 6, 1955. This will named the First Nationl Bank of Billings as executor. It left the property to the six children in equal shares.
By petition duly verified and filed on October 23, 1957, the appellant Donald B. Stewart set forth that his mother, Frances Stewart, because of the infirmities of age, was incompetent to handle her property and prayed for letters of guardianship of her person and estate. Letters were granted October 31, 1957, and bond set at $12,000. An Inventory and Appraisement was filed on September 23, 1959, showing a gross estate of $161,229.41.
Frances Stewart died January 8, 1959. The will dated February 26, 1954, and codicil dated June 6, 1955, were offered and admitted to probate on February 20, 1959, and the Bank was appointed executor.
On July 22, 1959, Donald B. Stewart filed his petition to revoke the order admitting this will to probate. Apparently no contest was made to this petition by the Bank or any of the brothers or sisters. Following a hearing held on September 24, 1959, the court held the will and codicil invalid and revoked probate thereof.
On September 30, 1959, Donald B. Stewart filed his petition for probate of the joint will dated January 20, 1948, and asked that letters issue to him. The will, as mentioned above, provided that the estate was to be jointly administered by Donald B. Stewart and his sister, Margaret Ellen Boyle. Appellant mentions in his petition that his sister is and for many years has been a resident of Portland, Oregon. The hearing on this petition was set for October 21, 1959, at 10:00 a.m. On October 9, by stipulation between counsel for appellant and counsel for the respondents, the hearing was continued to October 28, 1959.
On October 22, 1959, Donald B. Stewart filed his petition for special letters of administration which was granted that day.
Just before court convened on the morning of October 28, 1959, and in the courtroom, the respondents served copies of objections to the appointment of Donald B. Stewart as executor, together with copies of a petition which asked for the issuance of letters of administration C.T.A. to the First National Bank of Billings or in the alternative the issuance of letters testamentary to Margaret Ellen Boyle, the co-executrix named in the will. Appellant objected strenuously to proceeding with a hearing at that time. The court took the objection under advisement and proceeded with the hearing of the petition of Donald B. Stewart for letters testamentary. Before starting the court below indicated it would allow time for appellant to fully read and examine both the objections and the petition filed by respondents. Section 91-1303, R.C.M. 1947, reads as follows:
"Interested parties may file objections. Any person interested in a will may file objections, in writing to granting letters testamentary to the persons named as executors, or any of them, and the objections must be heard and *163 determined by the court or judge; a petition may, at the same time, be filed for letters of administration with the will annexed."
There is nothing in the code requiring any notice to the opposite party where objections and petitions are filed as was done here. The record does not clearly disclose how much time was made available to appellant to examine the objections and petition just mentioned, but we are satisfied the court fully protected him against surprise. As was pointed out by counsel for the respondent, prior to the commencement of the hearing, the objections were based wholly and entirely upon the actions of Donald B. Stewart. This was fully confirmed by the record of the hearing. The court did not err in proceeding as it did.
The court below first heard the petition of Donald B. Stewart for letters testamentary. The will dated January 20, 1948, mentioned above, was formally proved without objection. In the course of the examination of the petitioner it developed that while the First National Bank was acting as executor under the will and codicil, he had presented three claims against the estate all of which had been rejected, whereupon he had filed three lawsuits against the estate, being actions No. 35422, 35423 and 35424 in the district court of Yellowstone County. The nature of these three actions requires some comment.
In Cause No. 35422, Donald B. Stewart alleges that his mother, Frances Stewart, on or about September 1, 1952, orally agreed to make a will leaving the 157 acre farm to him if he would leave his filling station business and move out to the farm and care for her and the farm for the rest of her life. He alleges full performance on his part and failure of his mother to make a will as agreed upon. For this he claims title to the 157 acre farm. This farm was inventoried in the final account in the guardianship matter as being worth $78,500, and there was considerable testimony indicating it is worth much more at this time.
In Cause No. 35423, Donald B. Stewart sues in quantum meruit for the reasonable value of his services furnished to his mother for the period between September 20, 1952, and October 31, 1957. The total claimed for his work, labor and services in this action is $51,276.63.
In Cause No. 35424, Donald B. Stewart sues the estate for $10,000 as a reasonable fee for his services as guardian of his mother's person and property, and an additional sum of $1,262.48 as and for attorney fees, or a total of $11,262.48.
Also made a part of the record on appeal is the complaint in Cause No. 35425 in the same court, being a complaint by Hannah F. Stewart, the wife of appellant, against the estate for work, care, groceries, etc., furnished Frances Stewart between June 1, 1954, and the date of her death on January 8, 1959. The total of this claim is for $9,752.40.
The total amount claimed in the actions brought by Donald B. Stewart and his wife against the estate of his mother is $72,291.51, plus the 157 acre farm.
The record of appellant as guardian of the estate and person of his mother was introduced and discloses the following: The petition for letters was filed October 23, 1957, and granted on October 31, setting bond at $12,000, and appellant qualified that day. Apparently nothing happened thereafter for almost two years as next the record shows the appointment of appraisers on September 4, 1959. An inventory and appraisement was filed September 24, 1959, which appraised the estate at $161,229.41. On the same day the guardian filed his first and final account and petition for discharge. Section 91-4906, R.C.M. 1947, provides, in part, as follows:
"Guardian to return inventory of estate of ward  appraisers to be appointed  like proceedings when other property acquired. Every guardian must return to the court an inventory of the estate of his ward within three months after his appointment, and annually thereafter. When the value of *164 the estate exceeds the sum of one hundred thousand dollars, semi-annual returns must be made to the court."
The failure of the guardian to promptly secure the appointment of appraisers and to file semi-annual accountings casts a serious question upon his fitness to serve in a position of trust in this estate. An examination of the account discloses that in it, among other things, he seeks an allowance of $3,563.40 for his wife Hannah, which it would seem would be a part of Cause No. 35425 mentioned above. He seeks a "reasonable compensation" for his "services as such guardian" which would seem to have been encompassed in Cause No. 35424. Extensive objections were filed to the accounting and as far as we can determine this is still pending.
The hearing on the petition for letters on October 28, 1959, was quite extensive and the record reflects that the court below gave ample opportunity to all parties to present everything they cared to on the subject matter. Considerable testimony with reference to the guardianship was received and, without reciting the details, it is apparent that a serious question exists with reference to many items of the account. There was a complete failure of the guardian to promptly and fully account to the guardianship as provided and required by law.
An executor or administrator occupies a position of trust in the handling of an estate. (In re Stewart's Estate, 145 Or. 460, 28 P.2d 642, 91 A.L.R. 818; In re Johnson's Estate, 187 Wash. 552, 60 P.2d 271, 106 A.L.R. 217. See Montgomery v. Gilbert, 111 Mont. 250, 108 P.2d 616), and it is the duty of the court to appoint fully competent and trustworthy executors and administrators. Ordinarily the existence of a claim or claims against an estate does not per se disqualify an executor or administrator from serving as such and this is true regardless of the amount thereof. It is the nature of the claim or claims which must be considered and when it appears that a prospective executor or administrator is in a position so antagonistic to the interests of the estate that he cannot do justice to the estate he should not be appointed. In re Dolenty's Estate, 53 Mont. 33, 161 P. 524. Also see In re Adkins' Estate, 133 Mont. 27, 319 P.2d 512, and cases cited. The court was correct in finding that Donald B. Stewart was not qualified to act and serve as executor. All of the remaining heirs, including the named executrix, Margaret Ellen Boyle, having petitioned for the appointment of the Bank as Administrator C.T.A., the court was correct in ordering that letters issue to that institution.
An interesting facet of this matter is that whether the estate be administered under the joint will of 1948, the rejected will and codicil of 1954, or under the laws of intestacy the end result is exactly the same for in all cases the estate will be divided equally among the several children.
The other specifications of error have been noted and are deemed to be without merit.
The order made by the court below appointing the Bank as Administrator C.T.A. is affirmed.
MR. CHIEF JUSTICE HARRISON and MR. JUSTICES ADAIR, CASTLES and JOHN C. HARRISON concur.