[No. 4192–1–III. Division Three. November 12, 1981.]

*In the Matter of the Estate of*
JAMES M. WINSLOW, SR.

JAMES F. SILVERTHORN, *Appellant,* v. JAMES
M. WINSLOW, JR., *as Executor,*
*Respondent.*

*Robert H. Stevenson,* for appellant.

*James R. Thomas, John T. Moran,* and *Mansfield & Thomas,* for respondent.

ROE, J.—James Winslow, Sr. died testate on December 11, 1973. His wife, Vera, and his son, James Winslow, Jr., were nominated coexecutors under his nonintervention will. Vera declined, leaving James, Jr. the sole executor. James, Sr. left his community share of stock in Winslow Orchards, Inc. to James, Jr., and his real property and personal effects to Vera. His daughter Betty had previously been given 25 percent of the Winslow Orchards, Inc. stock by her father during his lifetime, and she received under his will the residue of his estate consisting of 678 shares of stock in KOMW, Inc., a radio station, worth $33,900. The will was admitted to probate, an order of solvency was entered and the probate was declared complete on April 11, 1980, some 5½ years later.

Previous to the order of solvency, on September 30, 1974, the daughter Betty had assigned her interest in the radio stock to her brother James, Jr., individually. Betty died in 1979, 5 years after the stock transfer to her brother. In November 1979, before the probate of her father's estate was declared complete, her husband, acting as executor of her estate, filed a petition in her father's estate to compel an accounting or, in the alternative, to revoke the letters testamentary, appoint a new executor of James, Sr.'s will, and for damages. The petition alleged James, Jr. had engaged in a course of self–dealing which was inconsistent with his duties as executor. In the memorandum supporting the petition, Betty's husband alleged she had orally agreed to sell to her brother James, Jr. the stock in both the radio station and the orchards for $50,000, payable at $5,000 per year with no interest, but that he had only paid $24,500.

A citation was issued pursuant to RCW 11.68.070, requiring James, Jr. to answer the petition. Answering, he denied the allegations. He then moved to dismiss the citation. The trial court granted the motion, ruling that the action should have been brought against James, Jr. personally as one in contract and not in probate. Betty's husband appeals the dismissal of the citation, arguing James, Jr. breached his fiduciary duty by profiting from the alleged sale of the radio stock.

■ An administrator stands in a fiduciary relationship and is bound to do what will best serve the interests entrusted to him. *Stewart v. Baldwin,* 86 Wash. 63, 68, 149 P. 662 (1915); *In re Estate of Drinkwater,* 22 Wn. App. 26, 30, 587 P.2d 606 (1978), *review denied,* 92 Wn.2d 1001 (1979). The issue presented is whether this trust relationship extends to the purchase by an executor, in his individual capacity, from *a legatee* of property acquired under a will.

■ In *O'Neile v. Ternes,* 32 Wash. 528, 73 P. 692 (1903), Mrs. O'Neile, the plaintiff, sought to rescind the sale of stock bequeathed to her and which she later sold to the defendant, the wife of the executor of the will. She alleged in part the executor had violated his trust duties to her. In considering whether the executor owed any duty to O'Neile, the court noted:

> As an executor, it was his duty to collect the assets, pay the debts of the decedent, and the funeral and other necessary expenses, and distribute the residue of the estate in accordance with the will of his testator. In short, it was his duty to take possession of, settle, and distribute the estate; all of which it appears was done with the approval of the court. All that appellant [O'Neile] had a right to require at the hands of the executors, or either of them, so far as these shares of stock are concerned, was the delivery of the stock to her *or her assigns* at the time the estate was settled. This stock was a specific legacy to appellant by the terms of the will. She had the right to sell it to whomsoever she pleased, and Mr. Ternes had the right to purchase it for his wife, or even for himself.

(Italics ours.) *O'Neile v. Ternes, supra* at 540–41. *See also In re Estate of Goss,* 73 Wash. 330, 132 P. 409 (1913). The court later extended this reasoning to a case involving a nonintervention will. *In re Estate of Johnson,* 187 Wash. 552, 554–55, 60 P.2d 271, 106 A.L.R. 217 (1936).

> The law is that a trustee is under a duty to the beneficiary to administer the trust solely in the interest of such beneficiary, and, in doing this, an undivided loyalty to the trust is required. The trustee is not permitted to make a profit out of the trust. . . . An executor, executrix or administrator of an estate of a deceased person acts in a trust capacity, and must conform to the rules governing a trustee.

(Citations omitted.) *In re Estate of Johnson, supra* at 554. In *Johnson,* no breach of trust was found when the executrix purchased two shares of stock from a third person which gave her control of a corporation. The important considerations in determining whether an executor has breached his fiduciary duty to the estate are whether he has used property of the estate to obtain a pecuniary benefit to himself, *In re estate of Goss, supra* at 335, and whether the executor has purchased property of the estate, rather than property of the distributee or legatee. *In re Estate of Shea,* 60 Wn.2d 810, 813, 376 P.2d 147 (1962). A legatee may sell his interest to whomever he pleases, including the executor.

Here, there is no evidence James, Jr. used property of the estate to acquire Betty's interest in the radio stock. The stock was Betty's under the will and she had the right to sell it to whomsoever she pleased. The mere fact that James, Jr. was the purchaser of the stock is not in itself enough to show a breach of his fiduciary duty to the estate. The trial court properly dismissed the claim against the estate or James, Jr. as executor.

█ Betty's husband also assigns error to the trial court's dismissal, on James, Jr.'s motion, of the petition for

accounting. In ruling on the motion, the trial court considered both the pleadings as well as other papers in the clerk's file. Thus, the motion is to be considered one for summary judgment, CR 12(c); *Vaughn v. Vaughn*, 23 Wn. App. 527, 529 n.2, 597 P.2d 932, *review denied*, 92 Wn.2d 1023 (1979). A party may not avoid an opponent's motion for summary judgment by resting on mere allegations, but must set forth specific facts showing there is a genuine issue of material fact. *Plaisted v. Tangen*, 72 Wn.2d 259, 432 P.2d 647 (1967).

Paragraphs 5 and 6 of the petition contain the facts which Betty's husband claims should have precluded the summary judgment. Paragraph 5 alleged:

> That petitioner has demanded said property from the executor herein but the same has not been distributed to her or her estate.

Included in the papers filed with the court were the will of James, Sr., the inventory and appraisal of the estate, and the written assignment by Betty to James, Jr. of her interest in the radio stock. These documents taken together show there is no issue of fact as to the disposition of Betty's share of the estate.

Paragraph 6 alleged:

> That petitioner has reason to believe that the executor herein, James M. Winslow, Jr., has engaged in a course of self-dealing with respect to the estate property, wholly inconsistent with his trust and fiduciary duties.

This paragraph does not state facts which would defeat a motion for summary judgment, but merely alleges a conclusion of the petitioner. Because there were no facts alleged which would sustain the order sought, the trial court was correct in granting the summary judgment and dismissing the petitions.

The judgment of the trial court dismissing Silverthorn's

580

action against James Winslow, Jr., as executor of his father's estate, is affirmed.

McINTURFF, C.J., and GREEN, J., concur.

Reconsideration denied December 1, 1981.

Review denied by Supreme Court January 22, 1982.