IN THE MATTER OF THE ESTATE OF EUGENE
GRAF, Deceased, EMMA GRAF STEPHENSON and
THERESE GRAF JOHNSON, Objectors and Appellants,
v. EUGENE GRAF, JR., and JOSEPHINE GRAF STEPH-
ANZOFF, Petitioners and Respondents.

No. 11304.
Submitted February 2, 1968. Decided February 16, 1968.
437 P.2d 371.

H. A. Bolinger, Jr. (argued), Bozeman, for appellants.

James H. Morrow (argued), Morrow & Nash, Edmund P. Sedivy (argued), Bozeman, for respondents.

MR. CHIEF JUSTICE JAMES T. HARRISON delivered the Opinion of the Court.

In this cause the petitioners, Eugene Graf, Jr., and Josephine Graf Stepanzoff, were nominated as executors in the will of the Testator. Emma Graf Stephenson and Therese Graf Johnson filed objections to the appointment of the petitioners as executors. The objectors and the petitioners are the children of the testator.

Objectors appeal from a judgment ordering the appointment of petitioners as joint executors of the will of Eugene Graf and dismissing and overruling their objections to such appointment.

The objections to petitioners' appointment is grounded upon the fact that the bulk of testator's estate had been transferred to the petitioners during the approximate period of four years preceding his death. It is alleged that the transfers were the result of undue influence exercised over the testator by petitioners. Objectors contend that the petitioners are not qualified to act as executors because they would not independently and objectively examine these transfers to determine if legal action should be taken to recover the property for the estate. The court heard the objections and evidence presented

thereon, and found that the petitioners were not incompetent to act as executors. It dismissed and overruled the objections and appointed the petitioners executors.

Objectors on this appeal present two issues for consideration: (1) Are the petitioners named in the will as executors disqualified to serve because of an adverse interest in the estate in property transferred by the deceased during his lifetime? and (2) Have the objectors any legal remedy except by this appeal after unsuccessfully objecting to the appointment of the executors in the district court?

To begin with, this case not an action to try, nor did the district court try, the merits of the question of undue influence in the transfers. Therefore, the facts surrounding the transfers are not material to our decision except to the extent such evidence bears on the question of the integrity of the petitioners.

Assuming, arguendo, that there are grounds to challenge some or all of the transfers, the question before this court is, as set out in objectors' first issue, does this possible conflict of interest render the petitioners incompetent to act as executors?

R.C.M.1947, § 91-1301, provides:

"The court or judge admitting a will to probate, after the same is proved and allowed, *must* issue letters thereon to the persons named therein as executors, who are competent to discharge the trust * * *." (Emphasis added.)

This section gives the power to nominate an executor to the testator. The standards for competency to serve as executor are set out in section 91-1302. If the person or persons nominated are competent under section 91-1302 the nomination should not be lightly tampered with by too liberal an interpretation of the specific disqualifications. In re Minder's Estate, 128 Mont. 1, 270 P.2d 404, 45 A.L.R.2d 898 (1954). The only disqualification under section 91-1302 on which evidence was produced was want of integrity. This court has said that "Ordinarily the existence of a claim or claims against an estate does not per se disqualify an executor or administrator from

serving as such and this is true regardless of the amount thereof. It is the nature of the claim or claims which must be considered and when it appears that a prospective executor or administrator is in a position so antagonistic to the interests of the estate that he cannot do justice to the estate he should not be appointed." In re Stewart's Estate, 139 Mont. 295, 301, 363 P.2d 161, 164 (1961). The same is true where the estate may have claims against the executor. The question is, thus, whether the evidence produced by objectors has shown such an over-all antagonistic position that the petitioners cannot do justice to the estate and consequently lack the integrity to act as executors. The district court did not find that this was established.

In our review of the evidence we will only reverse if we find the findings of the district court are not supported by substantial evidence. Rosen v. Rosen, 150 Mont. 121, 431 P.2d 870. We find there is substantial evidence to support the court's finding that the petitioners do not lack the integrity to act as executors. The facts established surrounding the transfers only went to a possibility of lack of integrity. No evidence of lack of integrity was introduced independently of the alleged undue influence. The fact that there might be some question as to the validity of the transfers is not in itself sufficient to overrule the district court. This is especially true in light of our findings on objectors' second issue.

A reading of the findings of fact and conclusions of law entered by the district court shows that it did not undertake to decide the question of the validity of the transfers complained of. Thus, the transfers are not precluded from being challenged in another action. It is objectors' contention that they have no other legal remedy. The petitioners, however, admit of another remedy in the objectors. An action can be maintained such as that which was involved in Detra v. Bartoletti, 150 Mont. 210, 433 P.2d 485, and the merits of the question of undue influence would thus be dealt with.

For these reasons the judgment is affirmed.

MR. JUSTICES HASWELL, ADAIR, CASTLES and JOHN CONWAY HARRISON concur.