No. 80-88

IN THE SUPREME COURT OF THE STATE OF MONTANA

1980

IN THE MATTER OF THE ESTATE
OF EMMA SAUTER,
                    Deceased.

Appeal from:   District Court of the Ninth Judicial District,
               In and for the County of Glacier
               Honorable B. W. Thomas, Judge presiding.

Counsel of Record:

    For Appellant:

        R. V. Bottomly, Great Falls, Montana

    For Respondent:

        Wilbur P. Werner, Cut Bank, Montana
        Barney Reagan, Cut Bank, Montana

                            Submitted on briefs: July 11, 1980

                                Decided: AUG 13 1980

Filed:   AUG 13 1980


_Thomas J. Kearney_
                            Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

The appeal is by JoAnn Palmer, the daughter of Emma Sauter, deceased, from an order of the District Court, Ninth Judicial District, Glacier County, denying JoAnn Palmer's petition to remove Wilbur Werner as personal representative of her mother's estate, or in the alternative to appoint a special administrator to administer the estate.

The single issue to be resolved is whether Wilbur Werner, an attorney, may properly act as personal representative of the estate when a potential asset of the estate is a claim against decedent's other daughter and her husband, Margaret and Wayne Simonson, and where Werner's law partner, James Nelson, was representing the Simonsons in opposing the claim at the time of Werner's appointment as personal representative.

JoAnn Palmer contends that the District Court should either have required Werner's removal or else appointed a special administrator for the estate. We determine that the appointment of a special administrator is necessary under the circumstances of this case.

The facts gleaned from the District Court records showed that on July 28, 1978, during the lifetime of Emma Sauter, a petition for the appointment of a conservator of her assets was filed by her daughter, JoAnn Palmer, seeking the appointment of Dwaine Iverson. The only other next of kin of Emma Sauter was another daughter, Margaret Simonson.

On September 20, 1978, Dwaine Iverson was appointed conservator of the estate of Emma Sauter, and thereafter letters of conservatorship were issued to Dwaine Iverson.

On October 4, 1978, Dwaine J. Iverson, as conservator, entered into a contingent fee arrangement with R. V. Bottomly,

-2-

a Great Falls attorney, concerning alleged claims of the estate of Emma Sauter against Margaret Simonson and Wayne Simonson, her husband. It is unnecessary to detail the factors of the alleged claim here, except to state that the conservator sought $300,000 in actual damages and $50,000 in exemplary damages from the Simonsons.

On November 18, 1978, Emma Sauter died. Her last Will and Testament, executed April 17, 1962, nominated Wilbur P. Werner, attorney, of Cut Bank, Montana, as her personal representative, and except for two small devises, distributed her estate to her daughters, Margaret Simonson and JoAnn Palmer as equal devisees and legatees.

The Last Will and Testament was offered for probate in informal proceedings on November 24, 1978, and Wilbur P. Werner was appointed personal representative of the decedent's estate.

On December 8, 1978, Dwaine J. Iverson, as conservator, filed his petition for formal probate of the Will, determination of heirs and testacy, and appointment of personal representative. That petition sought the removal of Wilbur Werner as personal representative and the appointment of Dwaine J. Iverson as personal representative. The petition was based on the contention that Werner was unable to act as personal representative because of a conflict of interest.

In the civil suit filed by Iverson, as conservator, against the Simonsons, the Simonsons had retained as their attorney to represent them in the matter, James Nelson, a law partner of Wilbur Werner.

Margaret Simonson and Wilbur Werner each filed objections to the petition of Dwaine J. Iverson to be appointed as personal representative. Eventually, the District Court

dismissed Iverson's petition for formal probate and his appointment as personal representative because of his lack of pecuniary interest in the estate of Emma Sauter.

On July 11, 1979, JoAnn Palmer filed her petition for formal probate of the Will, for the removal of Werner as personal representative, and for the appointment of a special administrator to handle all of the affairs of the estate. She nominated Dwaine J. Iverson as such special administrator.

Wilbur Werner, as personal representative, and Margaret Simonson, as the other heir of the estate, objected to this petition. After a hearing, the District Court judge denied JoAnn Palmer's petition. It is from that order of denial, dated November 5, 1979, that JoAnn Palmer appeals.

With respect to the suit commenced by the conservator against the Simonsons, it appears that on October 25, 1979, James Nelson, Werner's law partner, appeared on behalf of the Simonsons and moved to dismiss the claim. The motion was overruled on November 8, 1978. Emma Sauter's death, as we have said, occurred on November 18, 1978. On November 24, 1978, James Nelson, on behalf of the Simonsons, filed a motion for extension of time to file an answer, in the civil action. On December 12, 1978, after the filing of the petition by Iverson in the estate proceedings, the law firm of Werner and Nelson withdrew from defense of the civil action brought by the conservator. Barney Reagan was substituted as counsel of record for the Simonsons.

Attorney James Nelson has appeared in the estate proceedings representing the personal representative in briefs filed in opposition to JoAnn Palmer's petition and as Werner's attorney in the hearing before the court.

In the meantime, the business of the estate is suffering. Beyond the appointment of the personal representative and the publication of the notice to creditors, nothing further has been done. The estate will require a federal estate tax return and there are bills to be paid, and substantial assets to be accounted for. Werner has posted a bond as personal representative. He testified that he realized acting as the personal representative he was "stepping into something," and advised the Simonsons that he and Nelson could not continue to represent them in the civil action if the Will was offered for probate and he was personal representative. However, Werner has no reservations about his neutrality in handling the pending civil claim against the Simonsons as an asset of the estate.

The conservator has filed an inventory in the conservatorship proceedings acknowledging receipt of certain items of personal property, outlining the real property held by the deceased at the time of her death, and listing also as an asset to be accounted for by him, the claim against the Simonsons.

The order of the District Court denying JoAnn Palmer's petition for the removal of Werner is not without logic. The court pointed out that Werner was designated by the Will of Emma Sauter as personal representative and that he was a longtime counselor and friend of the Sauter family. There is no question about the validity of the Will nor the qualifications of Werner except for the possible bias or conflict that might exist in his handling of the claim against the Simonsons, said the court. The court further stated that there was no conflict which was so antagonistic to the interests of the estate that Werner would be

unable to do justice, and further said that if JoAnn Palmer was dissatisfied with the personal representative's efforts, her remedy was to commence an action against the Simonsons and the personal representative, citing In Re Estate of Graf (1968), 150 Mont. 577, 437 P.2d 371.

The factors which lead us to overrule the November 5, 1979 order of the District Court are these: Letters were issued to Wilbur Werner as personal representative of the estate on November 24, 1978. On that date, and until December 12, 1978, Werner's law partner, James Nelson, was the attorney of record in the civil action defending the Simonsons against a claim which is now purported to be an asset of the estate. Werner, if no special administrator is appointed, will be called upon as personal representative to determine what disposition should be made of the claim of the Simonsons and whether the litigation should be continued. The competing interests of JoAnn Palmer, who would be the beneficiary if the claim resulted in a judgment against the Simonsons and the Simonsons, whose interest is to defeat the civil litigation, are at stake. The situation is covered by the Canons of Professional Ethics, adopted by this Court on May 1, 1973, and appearing in Vol. 160 of the Montana Reports, in Section DR 5-105. In pertinent part, that section provides:

> "(B) A lawyer shall not continue multiple employment if the exercise of his independent professional judgment in behalf of a client will be or is likely to be adversely affected by his representation of another client, except to the extent permitted under DR 5-105(C).

> "(C) In the situation covered by DR 5-105 . . . (B), a lawyer may represent multiple clients if it is obvious that he can adequately represent the interest of each and if each consents to the representation after full disclosure of the possible effect of such representation on the exercise of his independent professional judgment on behalf of each.

"(D) If a lawyer is required to decline employment or to withdraw from employment under DR 5-105, no partner or associate of his or his firm may accept or continue such employment."

From the facts foregoing, it is clear that James Nelson, at the time of the appointment of the personal representative, could not have been appointed because of a conflict of interest that would arise out of his representation of Margaret Simonson against the claimed interest of the estate in the civil litigation. Under DR 5-105(D) above, if one lawyer is required to decline employment because of such possible conflict, no partner or associate may accept or continue such employment. Accordingly, Werner is within the rule and cannot himself act as personal representative, except upon full disclosure and consent of all interested parties as the Rule provides. It makes no difference that here Werner is acting as a personal representative rather than as an attorney. Even as a personal representative, his attorney is James Nelson, and the problem persists unabated.

Nothing we say here impugns the integrity of Wilbur P. Werner. The intent of the Canons of Professional Ethics is not only to avoid impropriety, but even the _appearance_ of impropriety. Lawyers in the conduct of their business, or matters relating to their legal business must, like Mrs. Caesar, be beyond suspicion.

This is not to say that Werner may not continue in all other matters except with respect to the claim against the Simonsons to act as personal representative of the estate, and to take care of its business. That obviously was the intent of his deceased client. But it is proper here that the District Court appoint a special administrator for the purpose of handling the disposition of the

-7-

claim against the Simonsons. No reason appears why Dwaine J. Iverson could not act in that circumscribed capacity, but who will be appointed special administrator is a matter for the discretion of the District Court.

The situation presented here is contemplated by the provisions of the Uniform Probate Code. Section 72-3-701, MCA, provides for the appointment by the clerk in an informal proceeding of a special administrator or by the court in a formal proceeding where the appointment is necessary to preserve the estate or to secure its proper administration, particularly where the general personal representative cannot or should not act.

The matter of the fee for the attorney of the special administrator would be a subject for negotiation between the special administrator's attorney and JoAnn Palmer, the beneficiary of the alleged claim. If, however, the estate is benefited, and claim for attorney's fees is made against the estate, then the subject of the special administrator's attorney's fees would be a matter for determination by the District Court in accordance with section 72-3-631(5), MCA, and subject to the District Court's discretion.

With the appointment of a special administrator, whose duties would be limited to the eventual disposition of the suit against the Simonsons, there is no reason why Wilbur Werner may not continue as the general personal representative of the estate. Since his law firm has withdrawn from the representation of the Simonsons, there is no reason why James Nelson may not serve as attorney representing Werner in matters pertaining to the general handling of the estate, exclusive of the claim against the Simonsons. The attorney who will represent the special administrator is a matter

-8-

to be decided by the special administrator when he or she is appointed.

The cause is therefore remanded to the District Court with the following instructions:

1. Wilbur P. Werner may continue as the general personal representative of the estate, with the exception of the claim against the Simonsons, and may enter upon the performance of his duties otherwise as such personal representative.

2. The District Court shall reconsider its order denying JoAnn Palmer's petition for formal proceedings in this estate.

3. The District Court shall appoint a special administrator, whose duties shall be circumscribed to the eventual disposition of the alleged claim of the estate against the Simonsons.

4. Each party shall bear his or her own costs with respect to this litigation relating to the appointment of the special administrator and this appeal, except that the personal representative, if the District Court determines that he is proceeding in good faith, shall be entitled to receive his necessary expenses and disbursements, including reasonable attorney's fees as provided under section 72-3-632, MCA.

Reversed and remanded with instructions.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

-9-