No. 85-408

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

IN THE MATTER OF THE ESTATE OF
LEMPI MATTILA, Deceased.

APPEAL FROM:   District Court of the Eighth Judicial District,
               In and for the County of Cascade,
               The Honorable Thomas McKittrick, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Jenkins Law Firm; Kelly A. Jenkins, Helena, Montana
        Richardson & Richardson; George Richardson, Butte,
        Montana

    For Respondent:

        John F. Iwen, Great Falls, Montana
        Clarke M. Dawson, Great Falls, Montana
        Alexander & Baucus, Great Falls, Montana

                        Submitted on Briefs: Jan. 30, 1986

                              Decided: May 9, 1986

Filed:   MAY 9 - 1986

_Ethel M. Harrison_
                    Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

Ilene Cox appeals from an order of the District Court for Cascade County which dismissed her petition to be appointed as special administrator of this estate. We affirm.

We restate the issues as follows:

1. Did the District Court err by excluding certain documents and testimony from evidence?

2. Did the District Court err in granting the motion to dismiss Ilene Cox's petition for appointment as special administrator?

The estate of Lempi Mattila, who died in 1983 at the age of 76, includes the estate of her older brother William, who predeceased her by ten days. She was the sole devisee under William's will. Lempi Mattila's devisees are her seven second cousins, one of whom, Gilbert Myllynaki (Gilbert) was named as co-personal representative in her will, along with Evan Grey (Evan), the husband of another of the second cousins. Ilene Cox is also one of the surviving second cousins. She petitioned to be appointed special administrator of Lempi Mattila's estate, alleging a conflict of interest on the part of Evan and Gilbert, arising from the following:

A year and a half before William Mattila died, he executed a limited power of attorney giving Evan and Gilbert the power to handle his social security and Medicare matters. He was then 79 years of age and living in a nursing home. Several months later, and about thirteen months before William Mattila died, Evan and Gilbert signed a warranty deed as his attorneys-in-fact. The deed purported to convey William Mattila's 400-acre ranch near Belt, Montana, to Gilbert and his brother, another of the second cousins. Both the power of attorney and the warranty deed were recorded.

2

Ilene Cox argues that the ranch property should be claimed as part of Lempi Mattila's estate, which now includes all of William Matilla's estate. She has filed a civil suit against Evan and Gilbert in which she seeks 2.2 million dollars in damages arising from the transfer of title to the ranch. However, she did not intervene in the probate of this estate until after the final account had been filed and approved and the court had authorized the co-personal representatives to distribute the assets of the estate. After that time, she filed this petition, asking to be appointed special administrator. She did not ask that distribution of the estate be stayed. Evan and Gilbert moved to dismiss because Ilene Cox's petition was not timely, because the probate court did not have jurisdiction to set aside the property transaction, and because Ilene Cox had already filed a separate suit on this issue. The District Court, after a hearing, granted the co-personal representatives' motion to dismiss Ilene Cox's petition. She appeals.

I

Did the District Court err by excluding certain documents and testimony from evidence?

The District Court sustained an objection to asking the attorney for the estate whether the co-personal representatives had asked him to investigate the validity of the questioned deed. The reasons for the objection and the ruling were not stated. We affirm the District Court's ruling because of the attorney-client privilege set forth at § 26-1-803, MCA.

The District Court refused to admit into evidence the power of attorney and deed which Ilene Cox contends suggest that the transfer of the ranch was invalid. The court held that both documents were irrelevant. However, it agreed to

3

take judicial notice of the file in the separate action brought by Ilene Cox against the co-personal representatives. That file contains both documents. Any prejudice caused by the court's failure to admit those documents into evidence was therefore negated.

## II

Did the District Court err in granting the motion to dismiss Ilene Cox's petition for appointment as special administrator?

Montana's statutory provision for appointment of a special administrator, § 72-3-701, MCA, provides that:

> A special administrator may be appointed:
> (1) informally by the clerk on the application of any interested person when necessary to protect the estate of a decedent prior to the appointment of a general personal representative or if a prior appointment has been terminated as provided in 72-3-522;
>
> (2) in a formal proceeding by order of the court on the petition of any interested person and finding, after notice and hearing, that appointment is necessary to preserve the estate or to secure its proper administration, including its administration in circumstances where a general personal representative cannot or should not act. If it appears to the court that an emergency exists, appointment may be ordered without notice.

This estate is being probated informally. The proper procedure for informal appointment of a special administrator is set out in subsection (1) above. The record does not indicate that Ilene Cox moved to be appointed special administrator prior to the appointment of a personal representative, nor has the appointment of the co-personal representatives been terminated. The procedure followed in this case was, instead, the one described in subsection (2) for formal proceedings.

4

Ilene Cox relies heavily on the case of Matter of Estate of Sauter (Mont. 1980), 615 P.2d 875, 37 St.Rep. 1425, to support her position that she should be appointed as a special administrator of this estate. In Sauter, this Court held that a special administrator should be appointed where the personal representative had a conflict of interest regarding a claim purported to be an asset of the estate. That case differed from this one in several respects. In Sauter, the matter of whether the claim should be pursued was holding up the progress of probate of the estate. Sauter, 615 P.2d at 877. In this case, probate of the estate has been completed to the point of distribution of assets, which has already been approved by the court. Ilene Cox has requested and received notice of proceedings in this estate under § 72-3-106, MCA. She made no objection to the final account or to the proposed distribution. In Sauter, the claim had been reduced to a lawsuit before the decedent's death. Sauter, 615 P.2d at 876. Here, although the deed transfering the ranch was signed and filed over 13 months before William Mattila's death, its validity was apparently not questioned until after the deaths of both William and Lempi Mattila and the completion of administration of both estates. There is no unanimity among the devisees as to the propriety of the transfer of the ranch. Four of the seven devisees have consented to the transfer. Finally, at the hearing in this matter, testimony as to the circumstances surrounding the signing of the deed was presented by William Mattila's attorney. He testified that Mr. Mattila was present when the deed was signed, and that Mr. Mattila wished to transfer the property to Gilbert and his brother. The attorney testified that he mistakenly advised the parties that the power of attorney held by Gilbert and Evan authorized them to sign the

5

deed on behalf of William Mattila. Ilene Cox did not present any evidence to rebut this testimony.

Montana's statutory provision governing who may be appointed as a special administrator is found at § 72-3-702, MCA:

> (1)   If a special administrator is to be appointed pending the probate of a will which is the subject of a pending application or petition for probate, the person named executor in the will shall be appointed if available and qualified.
>
> (2)   In other cases, any proper person may be appointed special administrator.

"Proper person" is not defined in the statutes. The District Court found that Ilene Cox was not a "disinterested party" in its order dismissing her petition for appointment as special administrator. In view of the facts, we agree that she was not a "proper person" under the statute.

The determination of questions regarding the appointment of a special administrator is a matter of discretion with the trial court. Sauter, 615 P.2d at 878. We conclude that there will be no injustice done if Ilene Cox is not appointed special administrator of this estate. She has not shown that Evan and Gilbert cannot or should not distribute the cash assets remaining in the estate, and she is not barred from pursuing her separate action regarding transfer of the ranch. We affirm the District Court's dismissal of her petition for appointment as special administrator.

Affirmed.

_____
Justice

We Concur:

_John A. Shelby_

_John Conway Harrison_

_L. C. Sutherland_,

_William E. Hunt_
Justices